Allen, J.
 

 This case arises as an error proceeding to a judgment of the court of common pleas of Pike county, under the provisions of Section 4785-172, General Code, which provides for the prosecution of error
 
 *441
 
 proceedings from the judgment of the court of common pleas directly to the Supreme Court of Ohio in an election contest case.
 

 The court of common pleas of Pike county made findings of fact and conclusions of law, which are as follows:
 

 “First: At the election referred to in the petition, four candidates were voted upon to fill two like memberships upon said Piketon rural board of education. No question has arisen as to the election for one of said two memberships. For the other membership, the returns made and certified by the precinct officials to the Pike county board of elections showed that contestor, J. C. Moore, received a total of 331 votes and contestee, John Stratton, 331 votes.
 

 ‘ ‘ Second: Upon a recount by the said county board of elections, under authority of Section 4785-162, General Code, the said board found and certified the result of said election to be 330 votes for said contestor, and 331 votes for said contestee, and thereupon declared said contestee elected and issued to him a certificate of election.
 

 “Third: Said original precinct returns and said recount included the vote of one Nellie Harris. The court now finds that her said vote was cast for contestee, John Stratton, and further finds that said vote should not have been counted for said contestee either upon said original count or upon said recount, and should not have been counted at all, for the reason that at the time of said election the said Nellie Harris was not a resident or elector in or of said Piketon rural school district, and had no right to vote at said election, and that accordingly her said vote should be deducted from the total vote certified by said board of elections for contestee, leaving the result a tie vote, to wit: 330 votes for contestor and 330 votes for eontestee.
 

 “Fourth: Upon said recount as conducted and cer
 
 *442
 
 tified by said county board of elections, tbe total number of ballots found by said board and counted by it as cast at said election, exceeded by two the total number of ballots tallied and certified on tbe poll books as counted and cast at said election.
 

 “And coming now to state its conclusions of law upon tbe foregoing facts, tbe court finds :
 

 “First: That said recount by tbe county board of elections was not and is not made illegal or void by tbe fact that said excess of two ballots appeared therein, as compared with tbe original number certified by tbe precinct officials.
 

 “To wbicb first conclusion of law tbe contestor, by bis counsel, excepted and bis exception is noted of record.
 

 “Second: That by reason of said tie vote found in this contest proceeding, there has been no election as to tbe membership in question between tbe contestor and contestee, and there is no authority either in tbe court or in the board of elections to cast lots as between contestor and contestee.
 

 “To wbicb second conclusion of law said contestee, by bis counsel, excepted and bis exception is here noted of record.
 

 “And said contestor and contestee having filed their respective motions herein for a new trial of said cause, said motions and each of them are overruled, and said contestor and contestee respectively except to said ruling, and their exceptions are here noted of record.
 

 “It is therefore ordered, adjudged and decreed that tbe certificate of election heretofore granted contestee, John Stratton, by tbe board of elections of Pike county, Ohio, be, and tbe same is hereby set aside and .■ held for naught; that tbe declared election of said contestee be, and tbe same is hereby set aside, and that tbe election for said membership, wbicb is tbe subject for this contest, be set aside.”
 

 It is tbe principal contention of tbe plaintiff in error
 
 *443
 
 that under Section 4785-171, General Code, the court erred in setting aside and holding for naught the certificate of election granted to John W. Stratton by the board of elections of Pike county. This section, in its material portion, reads as follows:
 

 “Upon completion of the trial the court shall pronounce judgment as to which of such candidates was duly nominated or elected, or whether such issue was duly approved or rejected by the voters; * * * Any person so declared nominated or elected by the court shall be entitled to his certificate of nomination or election. A certified copy of the order of such court shall constitute such certificate. If the judgment be against the contestee or incumbent and he has already received a certificate of nomination or election, the judgment of the court shall work a cancellation of such certificate. If the court find that no person was duly elected, the judgment shall be that the election be set aside.”
 

 It is the contention of the plaintiff in error that since the election laws in certain instances provide for the casting of a lot in the case of a tie vote to decide which of the persons is duly elected, in the instant controversy the trial court should have included in his judgment a provision for referring the matter back to the board of elections for the purpose of casting lots under the provisions of Section 4785-158, General Code. This section, in its pertinent part, reads as follows: “The abstracts showing the returns of the election for county, township, municipal, and school district offices within the county shall be canvassed by the board, and the persons receiving the highest number of votes for each office so canvassed shall be deemed elected.
 

 “If any number of persons greater than the number of offices, directed to be filled at such election, have the highest and an equal number of votes, the board shall determine by lot which of the persons is duly elected.”
 

 
 *444
 
 It is true that under this section, when a tie vote is found upon a canvass by the board of elections, the board is required to determine by lot which of the persons is duly elected. It is also true that under Sections 4785-154 and 4785-156, a tie in the case of officers chosen by state-wide vote is decided by casting lots. The same is true of district and congressional elections, Sections 4785-157 and 4785-159, and with respect to county, township, municipal and school district officers. Section 4785-158. Therefore plaintiff in error argues that upon an election contest before the court of common pleas, a tie vote must be resolved by the same method of casting lots.
 

 The only difficulty with the contention of the plaintiff in error is that the statute does not so provide. Nothing could be plainer in statement than the last sentence of Section 4785-171, which reads: “If the court find that no person was duly elected, the judgment shall be that the election be set aside.” It would have been simple for the Legislature to have required the court of common pleas to remand the case to the board of elections, with instructions to that body to cast lots to decide the tie vote; but in spite of the other provisions existing in election statutes with reference to the casting of lots, the Legislature failed to include any such provision in the statutes with reference to election contest cases. Hence the trial court did not err in simply setting aside the election. That was the only judgment that he was authorized under the statute to render.
 

 It is also urged on behalf of the defendant in error that the excess of two ballots made the recount void, and that the trial court erred in not so holding. Since no fraud was shown, and since the finding of facts shows that the presence of these particular extra ballots had no bearing upon the result, we do not discuss
 
 *445
 
 that question at length, and simply affirm the judgment of the court of common pleas.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day and Kinkade, JJ., concur.
 

 Stephenson, J., not participating.