By the Court.
 

 In this appeal direct from the Court of Common Pleas of Crawford county, under favor of Section 4785-172, General Code, the appellant, Donald Orewiler, challenges the judgment of that court in confirming the election of appellee, Emil H. Fisher, as Township Trustee of Vernon township in that county.
 

 Orewiler and Fisher were candidates for the office of township trustee at the general election held November 2, 1937. The result of the count of the ballots by the precinct officials of Vernon township showed a tie. The result of the count of the ballots by the precinct officials was' certified to by the board of elections of Crawford county, and pursuant to the duty imposed by Section 4785-158, General Code, the board proceeded to determine by lot which one of the two candidates was elected. This determination resulted in favor of Fisher, the contestee in this action, and by virtue thereof the board of elections made the usual report to the Secretary of State of Ohio to the
 
 *609
 
 effect that Emil H. Fisher had been elected Township Trustee of Yernon township of Crawford county for a four-year term.
 

 Thereafter the contestant, Orewiler, filed his application, as provided by law, with the board of elections of Crawford county requesting a recount, the result of which showed that Fisher had received 66 votes and Orewiler 65 votes.
 

 Thereupon Orewiler, pursuant to Section 4795-167, General Code, filed an action in the Court of Common Pleas of Crawford county to contest the election. No question of fraud or disqualification of any elector was raised at any time. The sole question related to the correct counting of certain ballots. After examination of the ballots by the court and the attorneys, it was agreed that 66 ballots were properly marked and cast for the contestee, Emil H. Fisher, and that 60 ballots were properly marked and cast for the contestant, Donald Orewiler. Of the six remaining ballots, one ballot had the names of Emil H. Fisher and Philip Waldbauer, which were printed thereon, crossed out with black lead pencil and the name of the contestant, Orewiler, written thereon below the two printed names, but no cross or mark of any ldnd was made before any one of the three names. The remaining five ballots had the name of the contestant, Orewiler, written in in black lead pencil below the printed names of Emil H. Fisher and Philip Waldbauer, but no cross or mark of any kind was made in front of any name or in any place in the spaces containing the names of the three candidates. The Court of Common Pleas decided that all six disputed ballots should be counted in favor of Orewiler, the contestant, thereby finding that the election resulted in a tie, he and Fisher each receiving 66 votes, this being the same number each had received in the original returns by the precinct officials.
 

 
 *610
 
 We have examined the ballots in question and find no error in the action of the Court of Common Pleas in counting them. Where names printed on a ballot are not deleted by the elector but an additional name is written in by the elector, with black lead pencil in a blank space provided for such purpose on the ballot, and no cross or other mark is placed opposite any of the names, the ballot should be counted in favor of the candidate whose name was written in, since the writing’ in thereof shows the intention of the voter and the lack of a cross mark is a technical error which should not invalidate the ballot.
 

 The remaining question is whether the Court of Common Pleas, after finding that there was a tie vote, should have set the election aside and declare that neither Orewiler nor Fisher had been elected to the office of township trustee. Counsel for contestant, Orewiler, cites as authority the case of
 
 Stratton
 
 v.
 
 Moore,
 
 125 Ohio St., 440, 181 N. E., 868. The instant cause is readily distinguished from that case. In the instant case, after there had been a tie vote of 66 each, the board of elections, pursuant to its statutory duty, cast lots which resulted in favor of Fisher and Fisher therefore was elected to the office unless subsequent proceedings should change the result. The recount showed he was elected and the proceedings in the Court of Common Pleas showed the same result as had been certified by the precinct officials to the board of elections. There was, therefore, no change in the result in the Court of Common Pleas, and by reason of the action of the board of elections in casting lots Fisher had been duly elected to the office of township trustee. In the case of
 
 Stratton
 
 v.
 
 Moore
 
 the votes certified by the precinct officials gave each of the candidates 331 votes. The board of elections in that case did not complete its statutory duty of casting lots to decide the tie but a recount was had whereby the board
 
 *611
 
 of elections found that Moore had received 330 votes while Stratton had received 331, and the board of elections thereupon declared Stratton elected and issued to him a certificate of election. With this final action of the board of elections, therefore, Stratton had been elected to office unless the result was changed by subsequent proceedings. Thereafter an action to contest the election was filed in the Court of Common Pleas of Pike county and at the conclusion of the trial the court found that Moore and Stratton had each received 330 votes. That was a different
 
 result
 
 from the final result found by the board of elections. In that respect the facts are different from those presented here. In the instant case, Fisher was elected when lots were cast by the board of elections. That result was not changed either by the recount or the action in Common Pleas Court. If the rule contended for by the appellant were to obtain, whenever there was a tie vote and lots were cast whereby one was elected, all the defeated candidate would have to do to set the election aside, would be to file an action in court. Even if the court again found a tie vote, the election would be set aside. Election laws are designed to carry out the will of the electo^te and where the statutory provisions have been followed in determining a tie vote, this court will not disturb the result, in the absence of other errors in the proceeding. •
 

 The judgment of the Court of Common Pleas will be affirmed.
 

 Judgment' affirmed.
 

 Matthias, Day, Zimmerman, Williams, Myers and Gorman, JJ., concur.