Williams, J.
 

 The question for determination is whether the respondent, Dora Triplett, is entitled to the office of member of the board of education in the Decatur Rural School District to which office she was appointed by the county board of education after the board of education of the district had failed to act.
 

 The essential facts' pleaded in the answer and admitted by the demurrer to be trüe will be summarized in the course of the opinion.
 

 On November 3, 1937 (the day after the general election), the members of the board of education of Decatur Rural School District were John Calhoun and E. P. Collins, whose terms would expire the first Monday of January, 1940, and A. D. Bellew, Ballard Collins and Will Roth, whose terms would expire Monday, January 3, 1938.
 

 Between November 3, 1937, and January 3, 1938, John Calhoun resigned as member of the board of education, and Ernest Middleton was appointed to fill Calhoun’s unexpired term, so that immediately prior to January 3, 1938, the members of the board of education were Ernest Middleton, E. P. Collins, A. D. Bellew, Ballard Collins, and Will Roth.
 

 At the general election held November 2, 1937, the county board of elections certified that Lee Binion, Ora Lee Conley and Horton Rogers had received the highest number of votes and declared them to be elected as members of the Decatur Rural School District Board of Education. The official vote under which such certification was made was as follows: Lee Binion, 288 (228 in exhibit attached to the an
 
 *482
 
 swer); Ora Lee Conley, 277; Horton Rogers, 207; Luther Evans, 206; Walter Sharp, 177; and Ballard Collins, 157.
 

 Luther Evans' contested the election of Horton Rogers in the Court of Common Pleas of Lawrence county and that court found that Evans and Rogers had received the same number of votes, 206 each, and that therefore neither was elected to the office. A motion for leave to file an appeal was overruled by the Supreme Court of Ohio. The adjudication in that case was in accordance with the pronouncement in
 
 Stratton
 
 v. Moore, 125 Ohio St., 440, 181 N. E., 868.
 

 Prior to January 3, 1938, Lee Binion and Ora Lee Conley took the oath of office and duly qualified as members of the board. Since Horton Rogers never qualified and the court held in the action contesting the election that neither he nor Luther Evans had been elected, due to the tie vote, the board on January 3, 1938, consisted of four members, Ernest Middleton, E. P. Collins, Lee Binion and Ora Lee Conley. There was no member who could hold over (as will more fully appear hereinafter) and no attempt had then been made to fill the vacant place by appointment.
 

 What is the legal aspect of this situation?
 

 The board of education in a rural school district consists of five members elected at large for a term of four years. Section 4712, General Code. The term begins on the first Monday in January after the election and each member holds his office for four years, “except as # * * provided in Chapter 2” (Sections 4698 to 4707, inclusive, General Code) and “until his successor is elected and qualified.” Section 4745, General Code. It is' not contended here that there is anything in Chapter 2 that will materially affect the question under discussion. If the board of education of the rural school district fails to fill a vacancy within thirty days after it occurs, then it shall be filled by the county
 
 *483
 
 board of education. Section 7610-1, General Code. All these sections are
 
 in pari materia.
 

 With reference to Sections 4745 and 4748, examination discloses that each has been reenacted several times with minor changes in the wording but their history is such as to show that the intention of the Legislature was to leave both in force. They must, therefore, be harmonized and construed together. That end can be accomplished, in our judgment, only by giving full effect to Section 4748. This conclusion is not challenged, for no contention has been made by counsel, either in argument or in the briefs, that the latter section has been repealed or modified by implication. _ In the case at bar the board of education of the rural district failed to act within thirty days; thereupon the county board of education on February 26, 1938, appointed respondent, Dora Triplett, to fill the place to which Horton Rogers had originally been declared elected.
 

 It is clear that a vacancy existed beginning January 3, 1938. A. D. Bellew, Ballard Collins and Will Roth, the three members whose terms expired on that date and who were not reelected stood on an equal basis in right of succession and as there was but one place vacant on the board of education it would be impossible in any event to determine which of the three members would hold over and fill the vacant place; consequently there was no prior term to which the vacant term could be an appendage. State,
 
 ex rel. Christensen,
 
 v. Larsen, 110 Ohio St., 413, 144 N. E., 264. In this state of affairs there was a vacancy at least until Dora Triplett assumed the office after her appointment on February 26, 1938.
 

 The dispute in the instant case arises over the construction of Section 4748, General Code, which provides :
 

 “A vacancy in any board of education may be
 
 *484
 
 caused by death, non-residence, resignation, removal from office, failure of a person elected or appointed to qualify within ten days after the organization of the board or of his appointment, removal from the district or absence from meetings of the board for a period of ninety days, if such absence is caused by reasons declared insufficient by a two-thirds vote of the remaining members of the board, which vote must be taken and entered upon the records of the board not less than thirty days after such absence. Any such ■ vacancy shall be filled by the board at its next regular or special meeting, or as soon thereafter as possible, by election for the unexpired term. A majority vote of all the remaining members of the board may fill any such vacancy.”
 

 In brief, appellant contends that the phrase “any such vacancy” as used in Section 4748 is limited to a vacancy caused in one of the ways specified in that section and since a tie vote, resulting from an adjudition in an election contest, is not specified as a cause of vacancy there is no power given either to the rural or county board to fill the vacancy.
 

 The construction for which the appellant contends is too narrow and illustrates the vice that arises from picking out a word or words from an enactment, attaching a peculiar significance to the selected language and making it controlling in the interpretation at all hazards. The spirit or the intention of the law must prevail over the letter, and in construing Section 4748 it is necessary to consider it in conjunction with the foregoing sections which are
 
 in pari materia
 
 therewith.
 

 Since it is provided by legislative enactment that the board shall consist of five members, the legislative intent in that behalf could be carried out only by filling the vacancy. While Section 4748 enumerates causes which may result in vacancies, there is no lan
 
 *485
 
 guage employed therein which prescribes that a vacancy arising from other causes shall remain unfilled. The law abhors a vacancy as nature abhors a vacuum. Faithful to this principle the courts do not favor a construction of a doubtful statute that will leave an office without an incumbent. Bather the courts assume that in creating an office the Legislature intends that it should not remain unoccupied. The case at bar presents an instance in which there can be no holding over from the prior term in any eveut, and, if the vacancy cannot be filled by appointment, the rural board of education must go on functioning with four members. The enumeration of the causes of vacancy was apparently intended to be exhaustive and the only reason for the omission to make reference to a vacancy resulting from a tie vote would seem to be that the Legislature did not anticipate such a contingency. It could hardly have been the intention of the legislative, body that some vacancies should be filled and others not. The conclusion of this court is that the intention was to enumerate all causes from which a vacancy could arise and that the words “any such vacancy” should be construed as referring to “a vacancy in any board of education” and should not be restricted to vacancies resulting from enumerated causes only. By this broad interpretation the courts avoid a statutory construction which would lead to the absurd result of leaving the office unfilled and compelling the rural board of education to function with fewer members than the number required by statute.
 

 The respondent, Dora Triplett, was entitled to the office and the Court of Appeals did not err in overruling the demurrer and refusing to grant the ouster.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Myers and Gorman, JJ., concur.