Taft, C. J.,
concurring. Both parties concede in their briefs and the Forest Hills local board found that Judd’s membership on the county board of education was incompatible with *119 I his membership on the Forest Hills Local Board of Education in the same county.
The acceptance of a second office (here, member of the county board) which is incompatible with an office previously held (here, member of the local board) amounts to an implied resignation of the office previously held. State, ex rel. Witten, v. Ferguson, Aud. (1947), 148 Ohio St., 702, 76 N. E. (2d), 886.
Thus, it was not necessary for the local board to remove Judd from office because, by being sworn in and qualifying as a member of the county board of education, Judd in effect resigned as a member of the local board. See also State, ex rel. Henry, Pros. Atty., v. Triplett (1938), 134 Ohio St., 480, 484, 17 N. E. (2d), 729 (holding that action may be taken under what is now Section 3313.11, Revised Code, to fill vacancy from cause other than those specified in that statute). In effect, the November 12, 1962, resolution of the local board recognized the existence of the vacancy existing by reason of that resignation.
Section 3313.11, Revised Code, provides in part:
“A vacancy in any board of education may be caused by * * * resignation * * *. Any such vacancy shall be filled by the board at its next regular or special meeting, not earlier than ten days after such vacancy occurs. A majority of all the remaining members of the board may fill any such vacancy for the unexpired term.”
Section 3313.85, Revised Code, provides in part:
“If the board of any local school district * * * fails to fill a vacancy in such board within * * * thirty days after such vacancy occurs, the county board of education * * * upon being-advised and satisfied of such failure, shall act as such board and perform all duties imposed upon such board.”
It is contended that, if the acceptance by Judd of membership on the county board did amount to a resignation by Judd from the local board so as to create a vacancy on the local board, such vacancy occurred more than 30 days before the local board purported to elect Wolven to fill that vacancy; and that the only authority then existing to fill that vacancy was that conferred upon the county board by Section 3313,85, Revised Code,
*120 In my opinion, Section 3313.11, Revised Code, imposed a mandatory duty upon the local board to fill tbe vacancy caused by Judd’s implied resignation. It had a mandatory duty and tbe power to do this at its first regular or special meeting held ten or more days after tbe date of Judd’s implied resignation on January 20, 1962, when Judd was sworn in and qualified as a member of the county board.
Undoubtedly, tbe local board should have acted to fill that vacancy long before it did. Because it bad not acted within 30 days after the vacancy occurred, tbe county board also had tbe power to fill that vacancy pursuant to tbe provisions of Section 3313.85, Revised Code. However, in my opinion, until tbe county board did so act, tbe local board would continue to have tbe power to fill the vacancy. See Opinions of tbe Attorney General (1932), 858, 860, Opinion No. 4492, reaching the same conclusion.
Gibson, J., concurs in tbe foregoing concurring opinion.