Matthias, J.
 

 At the general election, November, 1921, William Hutchinson was duly elected a councilman for the village of Rocky River, Ohio, for the term of two years, beginning January 1, 1922. He duly qualified and entered upon his duties, and at the general election, November, 1923, he was re-elected to said office, but died on November 28, 1923. At the first regular meeting of the council following Hutchinson’s death, the relator, Christensen, was duly elected by the council to fill his unexpired term. He duly qualified and entered upon the duties and exercised the functions
 
 *414
 
 thereof until the council of the village, on January 2, 1924, declared the office vacant and appointed the defendant Larsen to fill the vacancy, who thereupon qualified and entered upon the exercise of the duties of the office.
 

 Christensen brings this action in
 
 quo warrcmto,
 
 seeking the ouster of Larsen, from office, and prays that he may be adjudged entitled thereto.
 

 The writ must be denied for two reasons:
 

 1. It is disclosed that the council of the village of Rocky River consisted of six members elected at large. At the election of the new council in November, 1923, there were thirteen candidates for the six places on the council, some of whom were candidates for re-election. None of those elected could be designated as the successor of a particular former member, consequently had Hutchinson lived he could not have been regarded as his own successor in the new term, and, therefore, Christensen, by reason of his selection for the unexpired term of Hutchinson, could not hold over and become Hutchinson’s successor in the new term. Under such circumstances the new term was not an appendage of the unexpired term, and the case of
 
 State, ex rel. Hoyt,
 
 v.
 
 Metcalfe,
 
 80 Ohio St., 244, 88 N. E., 738, has no application.
 

 2. In the appointment of Christensen to the vacancy caused by the death of Hutchinson the council acted under authority of Section 4236, General Code, which limited the power of council to fill the vacancy by election “for the unexpired term.” There was no vacancy of the place to which Hutchinson was elected at the November, 1923, election until the beginning of the term for
 
 *415
 
 which he was elected.
 
 State, ex rel.,
 
 v.
 
 Dahl,
 
 55 Ohio St., 195, 45 N. E., 56. The action taken at that time by council was authorized by the provisions of Section 4242, General Code, which provides that council may declare vacant the office of any person elected or appointed to an office who fails to qualify therefor within the time required by law, and the election of Larsen to fill the vacancy was authorized by Section 4236, General Code.
 
 State, ex rel., Spaulding,
 
 v.
 
 Baldwin,
 
 101 Ohio St., 65, 127 N. E., 871.
 

 Writ denied.
 

 Marshall, C. J., Robinson, Jones, Bat and Allen, JJ., concur.
 

 Wanamaker, J., not participating.