Hart, J.
 

 The respondents claim that under Section 8, General- Code, they were entitled to hold over until the election and qualification of their successors, because the relators as officers-elect failed to qualify within the period of time required by law. The respondents rely upon the provisions of Section 7, General Code, as requiring qualification for the office and the provisions of Section 4242, General Code, as fixing the time within which the relators should have given their respective bonds in order to qualify for their respective offices, and the consequence for failure to do so.
 

 Section 7, General Code, provides as follows:
 

 “A person elected or appointed to an office who is required by law to give a bond or security previous to the performance of the duties imposed on him by his office, who refuses or neglects to give such bond or furnish such security, within the time and in the manner prescribed by law, and in all respects to qualify himself for the performance of such duties, shall be deemed
 
 *471
 
 to have refused to accept the office to which he was elected or appointed, and such office shall be considered vacant and be filled as provided by law.”
 

 Section 4242, General Code, provides as follows:
 

 “The council may declare vacant the office of any person elected or appointed to an office who fails to take the required official oath or to give any bond required of him, within 10 days after he has been notified of his appointment or election, or obligation to give a new or additional bond, as the ease may be.”
 

 The claim is made by respondents that the provisions of those statutes are mandatory and that the relators forfeited their terms of office since they received notice of their election not later than December 5,1943, did not file their bonds until December 30, 1943, which was more than 10 days after they received notice of their election, did not have them approved by the mayor, and the village council on December 29, 1943, declared the offices vacant.
 

 Tu the first place, if the bonds of the relators were seasonably filed with the clerk, it is of no moment that they were not approved by the mayor because the only reason given by him for such refusal was that the offices had been declared vacant. An official bond may be good though not formally approved.
 
 Frederick
 
 v.
 
 City of Peoria,
 
 203 Ill. App., 486,. 489; 2 McQuillin Municipal Corporations (2 Ed.), 196, Section 496. In the instant case, the whole question of qualification, so far as the bonds are concerned, is whether they were filed in time.
 

 As a general rule, statutes which relate to the essence of the thing to be performed or to matters of substance are mandatory, and those which do not relate to the essence and compliance with which is merely a matter of convenience rather than substance are directory. A mandatory statute may be defined as one where noncompliance with its provisions or require
 
 *472
 
 ments will render the proceedings to which it relates illegal and void, whereas a directory statute is one where noncompliance will not invalidate the proceedings to which it relates.
 
 Rambeck
 
 v.
 
 LaBree, Sheriff,
 
 156 Minn., 310, 194 N. W., 643;
 
 State, ex rel. Ellis, v. Brown, Judge,
 
 326 Mo., 627, 33 S. W. (2d), 104;
 
 Stiner
 
 v.
 
 Powells Valley Hardware Co.,
 
 168 Tenn., 99, 75 S. W. (2d), 406.
 

 Whether a statute is mandatory or directory is to be ascertained from a consideration of the entire a<3t, its nature, its 'effect and the consequences which wo uld result from construing it one way or another. In each instance, it is necessary to look to the subject matter of the statute and consider, the importance of the provision which has been disregarded and the relation of that provision to the general object intended to be secured by the act.
 

 As a general rule, a statute which provides a time for the performance of an official duty will be construed as directory so far as time for performance is concerned, especially where the statute fixes the time simply for convenience or orderly procedure; and, unless the object or purpose of a statutory provision requiring some act to be performed within a specified period of time is discernible from the language employed, the statute is directory and not mandatory.
 
 State, ex rel. Smith,
 
 v.
 
 Barnell, Dir.,
 
 109 Ohio St., 246, 254, 142 N. E., 611.
 

 If the provision involved relates to some immaterial matter or directs certain actions with view to .the proper, orderly and prompt conduct of public business the provision may be regarded as directory; but, where it directs acts or proceedings to be done in a certain way and indicates that a compliance with such provision is essential to the validity of the act or proceeding, or where it requires some antecedent and prerequisite conditions to the exercise of a
 
 *473
 
 power, the statute may be regarded as mandatory.
 
 Hurford
 
 v.
 
 City of Omaha,
 
 4 Neb., 336. The character of the statute may be-determined by the consideration of (1) the words of the statute, (2) the nature, context and object of the statute and (3) the consequences of the various constructions. See
 
 Miller
 
 v.
 
 State,
 
 3 Ohio St., 475.
 

 The two statutes in question are
 
 in pari materia
 
 and must be construed together. When so considered, are they mandatory or directory? Section 7, General Code, provides for certain consequences in case an officer-elect refuses or neglects to qualify within the time prescribed by law. The effect of the statute depends entirely on what is the time prescribed by law. There must be also a refusal or neglect to qualify for the office and such refusal shall be
 
 deemed
 
 to be a refusal to accept the office and as a result the office shall be
 
 considered
 
 vacant. It is difficult to understand how an office
 
 shall be considered vacant
 
 before the previous term shall have expired.
 

 Section 4242, General Code, provides that council
 
 may declare
 
 the office vacant when an officer-elect fails to -qualify. There is no positive requirement that council shall do so.
 

 The object of these statutes is to have an officer-elect prepared to take office when his term begins. There is no discernible object or purpose.in having the oath taken and bond given at any definite time if it is done before the term of office begins. Different reasoning might be suggested in case an incumbent was notified of an “obligation to give a new or additional bond” after he had once assumed office. No public interest would have been served by having the oaths of office taken and bonds given by the relators before they did so; on the other hand, no public inconvenience or detriment was suffered by the delay. The will of the people who elected the relators to office was not taken into
 
 *474
 
 consideration in the attempt to declare the offices vacant. Such will or intention should not be thwarted on such trivial pretext.
 

 The authorities are in accord with this interpretation. Counsel for the respondents cite, as supporting their position, the cases of
 
 Devine v. State, ex rel. Tucker, Jr.,
 
 105 Ohio St., 288,136 N. E., 922, and
 
 Whitacre
 
 v.
 
 Waggoner,
 
 133 Ohio St., 409,14 N. E. (2d), 22, wherein this court held that statutory requirements that an elector in marking his ballot must do so by black lead pencil were mandatory. There was good reason for such holdings, the purpose being to sustain the purity of the ballot by preventing an identification of ballots. In the case of
 
 State, ex rel. Cooper,
 
 v.
 
 Roth,
 
 140 Ohio St., 377, 44 N. E. (2d), 456, cited by counsel for respondents, this court held that the provisions of Section 4207, General Code, were mandatory, which section provides that, with certain exceptions, a member of council shall not hold any other public office or employment and when a member of council ceases to possess any of the required qualifications he shall forthwith forfeit his office. This court held that a councilman who had entered the military service of the United States, and for that reason had removed from the city wherein he held office, forfeited his office. This was an instance where an officer had been disqualified to hold office after he entered upon the duties, of that office and could no longer perform them.
 

 The action of the village council in the instant cases in attempting to declare a forfeiture of the offices in question, on December 29, 1943, was premature and ineffective. In the case of
 
 State, ex rel. Christensen,
 
 v.
 
 Larsen,
 
 110 Ohio St., 413, 144 N. E., 264, one Hutchinson had been re-elected councilman of Rocky River, at the November election in 1923. He died before he had qualified for the new term. The village council at
 
 *475
 
 tempted to elect Christensen to fill the unexpired term of Hutchinson. On January 2, 1924, council declared the office vacant and appointed Larsen to fill the vacancy. Christensen brought an action to oust Larsen. The court held in part that the appointment of Christensen under authority of Section 4236, General Code, was premature.
 

 In that case this court said:
 

 ‘‘ There was no vacancy of the place to which Hutchinson was elected at the November, 1923, election, until the beginning of the term for which he was elected.
 
 State, ex rel.,
 
 v.
 
 Dahl,
 
 55 Ohio St., 195, 45 N. E., 56. The action taken at that time by council was authorized by the provisions of Section 4242, General Code, which provides that council may declare vacant the office of any person elected or appointed to an office who fails to qualify therefor within the time required by law, and the election of Larsen to fill the vacancy was authorized by Section 4236, General Code.” See 2 McQuillin Municipal Corporations (2 Ed.), 203, Section 499.
 

 In the case of
 
 State, ex rel. Lysons,
 
 v.
 
 Ruff,
 
 4 Wash., 234, 29 P., 999, 16 L. R. A., 140, the court, declaring a statute, which provided that on failure to qualify within the prescribed time the office shall become vacant, to be directory, said:
 

 # it is the election which gives the right to the office, and the qualification is only an incidental requirement for the protection of the public. If the provisions for such qualification are not timely complied with the public can protect itself by declaring a vacancy and filling the same by appointment, but until such acts have been done the force of the election has not been exhausted, and upon a compliance with the incidental duty of qualification is given full force.”
 

 In the case of
 
 City of Chicago
 
 v.
 
 Gage,
 
 95 Ill., 593, 594, 35 Am. Rep., 182, the Supreme Court of Illinois
 
 *476
 
 had under consideration a city charter which provided that all city officials, who were required to give bonds for faithful performance of official duties, should file their bonds with the city clerk within 15 days after their election. The charter further provided that if a bond was not filed within 15 days after the official canvassing of the votes, the person so in default should be deemed to have refused the office, and that the same should be filled by appointment as in other cases. The charter also provided that in case a bond so filed should not be approved, and a satisfactory bond should not be filed within 15 days after such disapproval, the person so in default should be deemed to have refused the office and the same should be filled as above provided. The court held that those provisions, in respect to the time within which the official bonds were required to be filed, were not mandatory but merely directory.
 

 In its opinion in that case the court said:
 

 “There are numerous authorities that a provision of law, that aii officer shall give bond within a prescribed time after his election, is directory only.
 
 The People
 
 v.
 
 Holly,
 
 12 Wend., 480;
 
 State
 
 v.
 
 Churchill,
 
 41 Mo., 41;
 
 State
 
 v.
 
 Porter,
 
 7 Ind., 204; and see
 
 Kearney
 
 v.
 
 Andrews,
 
 2 Stock Ch., 70;
 
 Speake
 
 v.
 
 United States,
 
 9 Cranch., 28. The other clauses in the charter, ‘he shall be deemed to have refused said office and the same shall be filled by appointment,’ or, (if held to apply here) ‘the office shall become vacant,’ it may be held do not change the rule, * * * in the case of words even more explicit than these.”
 

 Throop’s Public Officers, 184, Section 173, says:
 

 “Where a statute fixes the time, within which the official oath must be taken, or the official bond given, the weight of the American authorities is decidedly in support of the doctrine, that the provision respecting the time is
 
 directory,
 
 although the statute declares that the office is forfeited by default; and that, unless the
 
 *477
 
 statute expressly declares that the failure to take the oath or to give the bond, by the time prescribed,
 
 ipso facto
 
 vacates the office, the oath may be taken and the bond given at any time afterwards, before judgment of ouster upon an information in the nature of a
 
 quo warranto,
 
 or other legal declaration that the office is thereby vacated.”
 

 The motions of the relators to dismiss the appeals are overruled and the judgments of the Court of Appeals are affirmed.
 

 Judgments affirmed.
 

 Weygandt, C. J., Zimmerman, Bell, Williams, Turner and Matthias, JJ., concur.