Hart, J.,
 

 dissenting. In my opinion the forms filed with the board of elections of Franklin county by each
 
 *209
 
 of the relators aie separate and independent petitions. This is indicated by the specific statutory provisions relating exclusively to nominating petitions to be filed by candidates for state central committeeman or county central committeeman of a political party. All the electors signing such a petition must do so in the presence of a notary public or other officer authorized by law to administer oaths, but all other nominating petitions may be acknowledged by only the circulators. Section 4785-70, G-eneral Code. The fact that the statutes further provide for the consolidation of petition papers into a single petition in cases of candidates whose candidacy is county-wide or wider, and do not make provision for a consolidation of petitions in cases of candidacies for state central committeeman or county central committeeman of a political party' argues strongly that in the latter case the petition papers, if more than one are filed, are not to be consolidated but are to be considered as separate petitions.
 

 There is no statutory prohibition against a candidate for state central committeeman or for county central committeeman from filing petitions the aggregate of the signatures on which is more than the maximum number permitted by statute as there is in the case of candidates for other primary elections. Therefore, there is no statute violated by a candidate for a state or county central committeeman who files more than one petition, each of which contains the signatures of five electors. There is no statutory provision which requires or permits the board of elections to refuse to receive them as there is in the case of candidacies for other primary elections.
 

 If a protest is filed, the board of elections is required to determine whether such petition or petitions fully comply with the law. And the board in determining the sufficiency of such petitions may reject only those which do not comply with the law, and if the board
 
 *210
 
 finds that a petition complies with tEe law, it must be held to be valid. Section 4785-70, General Code.
 

 What then, is the duty of the board of elections as to such petitions? It is suggested that if more than one petition form is filed by any single candidate for state or county central committeeman, the board is not authorized or required to select any one of those petition forms as the official petition of the candidate. In my opinion the board is not called upon to make any such selection. It is the duty of the board to proceed, and as soon as it finds that any petition of the candidate complies with the requirements of the law it then becomes the duty of the board to accept it as valid and the board need go no farther. The remaining petition form or forms may be disregarded, or the candidate may withdraw them.
 

 Furthermore, even if the petition forms of the relators were considered to be a single consolidated petition, so that there would be an excess of five signatures on the petition, I am of the opinion that the petitions are still sufficient. Unquestionably, the minimum requirement of five signatures on a petition is a mandatory requirement because it goes to the essence of the petition. However, the statutory provision as to the maximum number of signatures on a petition does not go to the essence of the petition, the purpose of such provision being to lessen the administrative burdens of the boards of elections, and is, therefore, directory only.
 
 State, ex rel. Jones,
 
 v.
 
 Farrar, 146
 
 Ohio St., 467, 66 N. E. (2d), 531. An excess of signatures over the required number cannot interfere with or adversely affect the purpose served in requiring candidates to file petitions, and therefore does not operate to make the petition void.
 

 In my opinion, the board of elections could undoubtedly refuse to accept a petition of a candidate for state
 
 *211
 
 or county central committeeman, containing more than five signatures, but once accepted, the board cannot declare it void.
 

 The rights of candidates to submit their candidacies should not be thwarted by mere technicalities, and, as I see it, the board of elections should be required to go forward in this case and determine whether any petition submitted by a relator in proper form is a valid petition and if one is found to be valid, it should be recognized as such. In my opinion, the writ should be allowed.