Rine, Appellant, v. Engle, Appellee.

(No. 73-853—Decided June 12, 1974.)

*Mr. Kenneth B. Schumaker,* for appellant.
*Mr. Jon R. Spahr,* for appellee.

*Per Curiam.* We are called upon to determine the meaning and effect of the following language in R. C. 3111.01:

"When an unmarried woman, who has been delivered of, or is pregnant with, a bastard child, *makes a complaint in writing, under oath, before a judge of a County Court* or in Juvenile Court, charging a person with being the father of such child, the judge shall issue his warrant * * *." (Emphasis added.)

Appellee maintains that appellant, by swearing out her complaint before a deputy clerk and not a judge of the

Municipal Court,* has failed to comply with a mandatory requirement of R. C. 3111.01. We do not believe that R. C. 3111.01 should be construed so as to make jurisdiction dependent upon a complaint being sworn to in the presence of a Municipal Court judge.

In 1824, the General Assembly passed an "Act for the maintenance and support of illegitimate children." (22 Ohio Laws 368.) Section one of that Act provided, in part:

"That on complaint made to any justice of the peace in this state, by any unmarried woman resident therein, who shall hereafter be delivered of a bastard child, or being pregnant with a child, which, if born alive, may be a bastard, accusing on oath or affirmation any person of being the father of said child, the justice shall take such accusation in writing, and thereupon issue his warrant * * *."

That language clearly required the justice of the peace to be an active participant in the initial complaint process of a bastardy action.

In 1873, the General Assembly rewrote the Act to provide, as follows:

"That when any unmarried woman, who has been delivered of or is pregnant with a bastard child, shall make complaint thereof in writing under oath, before any justice of the peace, charging any person with being the father of such child, such justice shall thereupon issue his warrant * * *." (70 Ohio Laws 111.)

In the 1873 Act, two differences from the 1824 Act are apparent: first, the justice of the peace was no longer required to, himself, reduce the accusation of bastardy to writing; and, second, the complaint need not be made *to* the justice of the peace, but rather *before* him.

The question of whether thereafter a complainant might make and swear to her charge of bastardy before a notary public was raised in *Harrell* v. *State, ex rel. Wamsley* (1890), 23 W. L. B. 149. This court affirmed, without report, a Circuit Court judgment in favor of the plaintiff.

---

*R. C. 1901.18 (A) gives a Municipal Court original jurisdiction of any civil action wherein County Court judges have jurisdiction.

Although no opinion was written, we must assume that the court concluded that the words "before a justice of the peace" did not absolutely preclude the swearing out of a complaint before other officers of the court who were authorized to administer oaths.

In 1923, the Act was amended to read:

"When an unmarried woman, who has been delivered of or is pregnant with a bastard child, makes a complaint in writing, under oath, before a justice of the peace, or in Juvenile Court charging a person with being the father of such child, the judge or justice thereupon shall issue his warrant * * *." (110 Ohio Laws 296, 297.)

By inserting the words "or in Juvenile Court," the General Assembly clearly intended that a bastardy complaint, made in Juvenile Court, need not be affirmed before a judge.

The portion of the Act with which we are here concerned has remained unchanged since 1923 save for an amendment made in response to the changing court structure in this state, i. e., the words "judge of a County Court" replaced "justice of the peace," and the words "or justice thereupon" were deleted.

Appellant has called our attention to *State, ex rel. Jones,* v. *Farrar* (1946), 146 Ohio St. 467, 66 N. E. 2d 531. The court in that case, at page 471, discussed the distinction between mandatory and directory statutes, as follows:

"As a general rule, statutes which relate to the essence of the thing to be performed or to matters of substance are mandatory, and those which do not relate to the essence and compliance with which is merely a matter of convenience rather than substance are directory. A mandatory statute may be defined as one where noncompliance with its provisions or requirements will render the proceedings to which it relates illegal and void, whereas a directory statute is one. where noncompliance will not invalidate the proceedings to which it relates. * * *

"Whether a statute is mandatory or directory is to be ascertained from a consideration of the entire Act, its nature, its effect and the consequences which would result

from construing it one way or another. In each instance, it is necessary to look to the subject matter of the statute and consider the importance of the provision which has been disregarded and the relation of that provision to the general object intended to be secured by the Act."

R. C. 3111.01 clearly differentiates between affirming a bastardy complaint "before a judge of a County Court," and swearing to that same complaint "in Juvenile Court." In our view, the reason for this distinction is as much historical as legal. The fact is that a justice of the peace, in times past, had no permanent quarters in a courthouse, nor was he provided any appreciable staff support. Thus, when the General Assembly amended the Act in 1923, it would have made little sense to require a woman to swear out her complaint *in the court of* a justice of the peace. The same situation exists today in many of the 25 counties where there is no Municipal Court. We, therefore, believe that the distinction retained in R. C. 3111.01 is no more than a recognition of the practical facts of court structure, past and present, in this state.

Applying the tests set forth in *State, ex rel. Jones,* v. *Farrar, supra* (146 Ohio St. 467), we conclude that that portion of R. C. 3111.01 under consideration here is, at most, directory. Appellee has not alleged, or shown, how appellant's failure to make and affirm her complaint before a judge has in any way violated any constitutional right or prejudiced his defense to the charge. In light of the post-complaint procedural steps mandated by statute, and followed in this case, we are equally unable to discover any detriment to appellee.

For the foregoing reasons, the judgment of the Court of Appeals is reversed, and the cause is remanded to the Court of Common Pleas, for further proceedings according to law.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

CORRIGAN, J., dissents.