This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Michael F. Ake appeals from a sexual predator adjudication in the Summit County Court of Common Pleas. This Court reverses.
On November 10, 1987, the Summit County Grand Jury returned a secret indictment against Ake, charging him with one count of rape in violation of R.C. 2907.02(A)(1)(b). Ake initially pleaded not guilty to the charge, then later pleaded guilty to the lesser included offense of sexual battery, a violation of R.C. 2907.03, with an accompanying physical harm specification. In May 1988, Ake was sentenced to two to ten years incarceration.
Thereafter, in an entry time-stamped January 27, 1998, the common pleas court ordered that Ake be transported from the correctional institution in which he was confined for purposes of holding a February 12, 1998 hearing to determine whether Ake should be adjudicated a sexually oriented offender. At the February 12, 1998 hearing, the trial court learned that Ake wished to have counsel appointed. The trial court informed Ake that the hearing would be continued until the following week. At that time Ake informed the trial court that he would be released from prison the next day. The trial court noted Ake's statement and set the new hearing date.
On February 13, 1998, Ake was released from incarceration. In an entry journalized five days later, the trial court set the new status hearing for February 19, 1998, and appointed counsel for the indigent Ake. On February 19, 1998, counsel for Ake moved for a continuance for time to prepare. The motion was granted, and the trial court set a status hearing for February 26, 1998. On that date the trial court set the matter for a sexual predator hearing to be held on March 19, 1998.
On March 10, 1998, Ake moved to dismiss the sexual predator action, asserting that the trial court lacked statutory or constitutional jurisdiction over him. In support of this motion, Ake filed a notice of expiration of sentence dated February 13, 1998.[1] Despite this indication that he had served the totality of his sentence and that he had been released from incarceration, the trial court denied the motion at the March 19, 1998 hearing. In an order journalized March 24, 1998, the trial court referred Ake to the Psycho-Diagnostic Clinic for evaluation as to whether he is a sexually oriented offender and ordered Ake's continued release on bond.[2] A hearing was set for May 7, 1998. On May 11, 1998, the trial court issued an order continuing the hearing until May 14, 1998; this order stated that the hearing was for the purpose of determining whether Ake is a sexual predator. On May 14, 1998, the state's expert witness who had evaluated Ake was unavailable, so the trial court again continued the hearing.
The sexual predator hearing was conducted on June 18, 1998. The trial court heard testimony from the psychologist who had evaluated Ake and received into evidence several exhibits, including the psychologist's report and certificates of courses and activities that Ake had completed while incarcerated. Ake also renewed his objection to the trial court's jurisdiction at that time. Taking the matter under advisement, the trial court continued the hearing.
On July 9, 1998, a status hearing was held. The trial court announced that it was not prepared to issue a ruling on the June 18, 1998 sexual predator hearing, and the matter was continued until July 16, 1998. On that day the trial court announced its decision, which was subsequently journalized in a July 21, 1998 order in which the trial court found Ake to be a sexual predator.[3] Ake timely appeals this adjudication, asserting one assignment of error:
 R.C. CHAPTER 2950 REQUIRES THAT AN OFFENDER WHO WAS, ON JANUARY 1, 1997, SERVING A PRISON TERM FOR A SEXTUALLY [sic] ORIENTED OFFENSE COMMITTED PRIOR TO THAT DATE, BE ADJUDICATED AND CLASSIFIED PURSUANT TO R.C. 2950.09(C) PRIOR TO THAT INDIVIDUAL'S RELEASE FROM PRISON AND THE STATE'S FAILURE TO CONDUCT SAID HEARING PRIOR TO SUCH INDIVIDUAL'S RELEASE DEPRIVES THE COURT OF JURISDICTION AND PRECLUDES THE STATE FROM CONDUCTING SAID HEARING AND/OR CLASSIFICATION.
In his sole assignment of error, Ake argues that, because he had been released from incarceration prior to the trial court's determination that he is a sexual predator, the trial court was without jurisdiction to conduct a sexual predator hearing and to impose the resulting classification. In support of this argument, Ake relies upon former R.C. 2950.01,[4] which provides:
 (G) An offender is "adjudicated as being a sexual predator" if any of the following applies:
* * *
 (3) Prior to the effective date of this section, the offender was convicted of or pleaded guilty to, and was sentenced for, a sexually oriented offense, the offender is imprisoned in a state correctional institution on or after the effective date of this section, and, prior to the offender's release from imprisonment, the court determines pursuant to division (C) of section 2950.09 of the Revised Code that the offender is a sexual predator.
(Emphasis added.)
Although the state of Ohio initially disagreed with Ake's interpretation of the statute, arguing instead that the language of R.C. 2950.01(G)(3) is directory and not jurisdictional in nature, the state has met its ethical obligations by submitting supplemental authority released after oral argument that the state believes "directly resolves the issues raised in the instant matter." This Court must agree and notes that the Supreme Court of Ohio has held that "[a] sexual predator hearing conducted pursuant to R.C. 2950.09(C)(2) must take place prior to the offender's release from confinement." State v. Brewer (1999),86 Ohio St.3d 160, paragraph one of the syllabus. This is so, the Supreme Court reasoned, because "[a]lthough R.C. 2950.09(C)(2) does not specifically state that this hearing is to be conducted prior to the offender's release, there is no other logical way to interpret this section." Id. at 164. When read in conjunction with R.C. 2950.01(G)(3), these statutes do not necessarily divest the trial court of jurisdiction to hold a post-release classification hearing, according to the Supreme Court, but rather only preclude "the result of adjudicating the offender to be a sexual predator." Brewer, supra, at 164. The Supreme Court implies that the trial court retains jurisdiction to hold a post-release classification hearing, the only result of which could be to find that a defendant is not a sexual predator.
Accordingly, because Ake had been released from confinement prior to the hearing, the trial court was statutorily divested of the authority to impose a sexual predator classification upon him. See id. at 164 ("[T]hough the court may not lose jurisdiction to hold a hearing, the hearing cannot have the result of adjudicating the offender to be a sexual predator if it is not held prior to the offender's release."). Ake's assignment of error, therefore, is well taken and his adjudication as a sexual predator must be reversed. Ake's prior classification as a sexually oriented offender justly remains undisturbed.
Surely, however, this cannot be what the legislature intended. Rather, the intent of the legislature in enacting R.C. Chapter 2950 is clear: "to protect the safety and general welfare of the people of this state." R.C. 2950.02(B). While this could best be accomplished by determining the classification of those individuals who have committed sexually oriented crimes before they are released from incarceration or other confinement, see R.C. 2950.02(A)(1), logic does not dictate that precluding a sexual predator classification following a hearing that begins prior to release but does not conclude until after release contributes in any way to the safety and general welfare of the people of Ohio.
Precedent for the acceptance of such "in-process" court action exists. Recently, this Court once again recognized that "[c]ourts have held in numerous instances that where, as here, a statute contains the word `shall,' but the intent behind establishing the time period contained in the statute is not to divest the trial court of jurisdiction or to establish a mandatory time limitation, the statute's time guideline shall be interpreted as directory." State v. Ferguson (June 30, 1999), Medina App. No. 2830-M, unreported (holding that the time guidelines of former R.C. 2945.37(A) and 2945.371(D) are directory and not mandatory). This rationale has been employed time and again by courts that have addressed statutes setting forth time provisions.[5] The Supreme Court of Ohio has even applied this rationale in the sexual predator context. See State v. Bellman (1999), 86 Ohio St.3d 208. In Bellman, the Supreme Court of Ohio addressed whether the time provisions of R.C. 2950.09(B)(1) are jurisdictional. R.C. 2950.09(B)(1) provides: "The judge shall conduct the hearing prior to sentencing and, if the sexually oriented offense is a felony, may conduct it as part of the sentencing hearing * * *." In interpreting the statute, the Supreme Court of Ohio reasoned:
 "As a general rule, a statute providing a time for the performance of an official duty will be construed as directory so far as time for performance is concerned, especially where the statute fixes the time simply for convenience or orderly procedure." This is so "unless the object or purpose of a statutory provision requiring some act to be performed within a specified period of time is discernible from the language employed."
 Generally, then, it is only where a statutory time requirement evinces an object or purpose to limit a court's authority that the requirement will be considered jurisdictional. * * *
 * * * [T]he language of R.C. 2950.09(B)(1) "does not establish that its time periods are for anything other than convenience and orderly procedure," and it "does not include any expression of intent to restrict the jurisdiction of the court for untimeliness." The provision, then, is not jurisdictional, and a defendant may waive the requirement in R.C. 2950.09(B)(1) that the sexual predator hearing precede sentencing.
(Citations omitted.) Id. at 210-211.
The distinction between Bellman and Brewer is derived from the statutory language that a sexual predator determination under R.C. 2950.09(C)(2) be made "prior to the offender's release from imprisonment." R.C. 2950.01(G)(3). No such explicit analogous time mandate exists in R.C. 2950.01(G)(2) for a sexual predator determination made under R.C. 2950.09(B)(1). Rather, a sexual predator adjudication under R.C. 2950.01(G)(2) requires only that the offender "is sentenced for a sexually oriented offense, and the sentencing judge determines pursuant to [R.C. 2950.09(B)(1)] that the offender is a sexual predator." The statutory scheme for offenders sentenced on or after January 1, 1997, sets forth a directory time provision in R.C. 2950.09(B)(1) for when the hearing should be held, but no strict mandate exists for when the determination must be made that is analogous to that provided for offenders sentenced prior to and imprisoned on or after January 1, 1997. Accordingly, there is no loss of jurisdiction when an offender agrees to a delayed determination in one set of circumstances, but there is a loss of jurisdiction under the other set of circumstances — depending only upon when the offender was sentenced and imprisoned, regardless of the fact that an offender in each instance could have committed the exact same crime.
Nevertheless, the Supreme Court of Ohio has strictly construed the statutory language and has declined to interpret the time provisions of R.C. 2950.01(G)(3) as directory and not mandatory. Appellate courts are duty-bound to follow the precedent set forth in Brewer. The result of this precedent is that an individual such as Michael F. Ake can elude classification as a sexual predator where, as here, society's concern for the rights of the individual and an undoubtedly crowded court docket conspire to disrupt the underlying purpose of the sexual predator statutory scheme. Ake initially appeared before the trial court on February 12, 1998, prior to his release from incarceration.[6] The classification proceedings began at that time. As a result of the appointment of counsel and numerous other occurrences requiring various continuances, however, the actual determination as to whether Ake is a sexual predator did not take place until after his release from incarceration. Accordingly, Ake — a man whose reprehensible conduct involved the repeated molestation of his then six-year-old step-daughter and who was described by the court-appointed psychologist who evaluated him as possessing a "significant risk" of recidivism — is today not a sexual predator and in ten years will not be required to register as a sexually oriented offender with anyone, anywhere.
Accordingly, it is this Court's hope that attention will be paid to reviewing the sexual predator statutory scheme, and that such review will result in a scheme that best serves the public interest by providing the courts with procedures that ensure both fairness to a defendant and fair warning to the people of this state. The public and justice demand as much.
Judgment reversed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ DONNA J. CARR
 FOR THE COURT
BAIRD, P.J.
WHITMORE, J.
CONCUR
[1] The material presented to the trial court also included a January 6, 1998 form and a February 13, 1998 form, both of which were signed by Ake, indicating that he had been informed of his automatic classification as a sexually oriented offender pursuant to R.C. Chapter 2950.
[2] These journalized errors do not reflect the trial court's knowledge, as evinced in the transcript of the March 19, 1998 hearing, that the purpose of the hearing was to determine whether Ake was a sexual predator.
[3] The journalized order also ordered Ake returned to the correctional institution where a DNA specimen was to be obtained from him. In a subsequent nunc pro tunc correction, the trial court deleted the latter orders, recognizing that Ake was not confined in any correctional institution.
[4] The statute was amended March 30, 1999. No substantive change resulted.
[5] See, e.g., In re Gibson (Apr. 28, 1999), Crawford App. Nos. 3-98-26, 3-98-27, and 3-98-28, unreported, citing In re Davis
(1999), 84 Ohio St.3d 520, 522 (holding that seven-day time provision of R.C. 2151.35(B)(3) is directory and not mandatory);State ex rel. Parra v. Skow (Apr. 15, 1999), Lucas App. No. L-99-1027, unreported (holding thirty-day time period set forth in R.C. 2701.02 to be directory); State v. Trott (Mar. 22, 1999), Mahoning App. No. 94 CA 73, unreported, citing State ex rel.Turrin v. Tuscarawas Cnty. Court (1966), 5 Ohio St.2d 194, 196
(holding that time period in R.C. 2938.11(F) is directory); Stateex rel. Lawrence Cnty. Child Support Enforcement Agency v. Ward
(Nov. 18, 1996), Lawrence App. No. 95CA40, unreported (holding that time provision of R.C. 3111.12(F) is directory); State v.Hamblin (Dec. 15, 1994), Cuyahoga App. No. 66556, unreported (holding that time provision set forth in R.C. 2953.21(D) is directory); State v. Sullivan (Jan. 29, 1986), Fairfield App. No. 39-CA-85, unreported (holding five-day time provision in prior R.C. 4511.191(K) to be directory); State v. Collins (Nov. 17, 1983), Knox App. No. 83-CA-7, unreported (holding that the thirty-day time period in R.C. 2945.02 is directory).
[6] Ake does not contend that the notice requirements of R.C. Chapter 2950 were violated.