OPINION
Plaintiff-appellant Jeffrey M. Potts appeals the August 7, 2001 Judgment Entry entered by the Richland County Court of Common Pleas, granting the motion to dismiss of defendants-appellees James Deweese, et al.
 STATEMENT OF THE FACTS AND CASE
On June 25, 2001, appellant filed a complaint in the Richland County Court of Common Pleas, naming Judge James Deweese, Judge Richard Christiansen, and Philip E. Scott, Richland County Clerk of Courts, as defendants. In his complaint, appellant alleged appellee Deweese fraudulently acted as presiding judge over Richland County Court of Common Pleas Criminal Case No. 99CR324-D, in which appellant was the named defendant. Appellant asserted appellee Deweese had no legal authority to act as presiding judge or to control any portion of appellant's criminal case because Deweese had failed to satisfy the statutory procedures set forth in R.C. 2701.06, 3.22, 3.23, and 3.24. With respect to appellee Christiansen, appellant alleged Christiansen knowingly administered the oath of judicial office to appellee Deweese without authority to do so. With respect to appellee Scott, appellant asserted Scott knowingly permitted appellee Deweese to fraudulently pose as a public official as a result of Scott's failure to perform his duties as set forth in R.C. 2701.06. Appellees filed a joint motion to dismiss pursuant to Civ. R. 12(B)(6). Appellant filed a motion contra. Via Judgment Entry filed August 7, 2001, the trial court sustained appellees' motion to dismiss and ordered appellant's complaint be dismissed.
It is from this judgment entry appellant appeals, raising the following assignment of error:
 TRIAL COURT ERRED IN GRANTING DEFENDANT'S-APPELLEE'S MOTION TO DISMISS.
 I
In his sole assignment of error, appellant maintains the trial court erred in granting appellee's motion to dismiss. Appellant asserts violations of R.C. 2701.06.
R.C. 2701.06 reads:
 Each commission issued by the governor to a judge of the court of appeals or a judge of the court of common pleas shall be transmitted by the secretary of state to the clerk of the court of common pleas of the county in which such judge resides. Such clerk shall receive the commission and forthwith transmit it to the person entitled thereto. Within twenty days after he has received such commission, such person shall take the oath required by Section 7 of Article XV, Ohio Constitution and sections 3.22 and 3.23 of the Revised Code, and transmit a certificate thereof to such clerk, signed by the officer administering such oath.
 If such certificate is not transmitted to the clerk within twenty days, the person entitled to receive such commission is deemed to have refused to accept the office, and such office shall be considered vacant. The clerk shall forthwith certify the fact to the governor who shall fill the vacancy.[1]
Appellant argues because appellees failed to follow the requirements in R.C. 2701.06, appellee Deweese had no authority to exercise judicial power over appellant's criminal case. In support of his position appellant cites State ex rel. Belford v. Hueston[2] and State ex rel. Jones v.Farrar[3]. We find appellant's reliance on these cases to be misplaced.
In State ex rel. Belford v. Hueston, the Ohio Supreme Court construed the words "senior judge" as provided in the Act of April 7, 1882 (79 Ohio Laws 79), which provides for the appointment of an assistant prosecuting attorney in Lucas County by the senior judge of the court of common pleas.[4] In determining the term "senior judge" applies to the judge who, at the time of appointment of assistant prosecuting attorney is to made, has served the longest period under his present commission, the Supreme Court considered the length of terms and expiration dates of judgeships. The Court noted:
 In Ohio the term of a judge is fixed, determined. * * * There is no such thing as holding over; no provision is made that the incumbent (when elected) shall continue until his successor is elected and qualified, and if there is a failure to elect, the office is vacant. For every purpose the judge goes out at the expiration of the fixed term; if he is a judge after that it is because of a new election and qualification, and he is just as much a new judge as though he had succeeded another. One term cannot be tacked upon another for the purpose of adding to rank, title, power, or pay. * * *
 Sections 555 and 556 [current R.C. 2701.06] make it the duty of one elected to a judicial office, within 20 days after receiving his commission, to take the oath required by the constitution and laws of the state, and transmit a copy of such oath to the clerk, and when he does not so qualify and transmit, he shall be deemed to have refused the office, and it shall be considered vacant. One whose former term has just expired, or is about expiring, is not exempted from the requirements of this statute. He is just as much bound to qualify in the manner provided as a new man would be, and if he fails in that he fails in his office. No power remains in his hands beyond the one term by reason of the authority given, and as to power beyond that it depends wholly upon the new lease, upon the new election, and the new qualification. * * * It could not be presumed by [the legislature] that any judge would be continued beyond his present term, and his successor would be junior to those of his associates whose terms expired at an earlier date. And in such case the change in the personnel of the judges would of necessity change the seniority, no two of the commissions bearing the same date.
Although the Supreme Court does make clear an incumbent judge, who has been reelected, is obligated to meet the requirements of the statute, the Court did not comment on the ramifications of an incumbent judge's untimely compliance with the statute.
Appellant also cites State ex rel. Jones v. Farrar for the proposition noncompliance with the provisions or requirements of a mandatory statute will render the proceedings to which it relates illegal and void.[5]
However, the Supreme Court further noted noncompliance with a directory
statute will not invalidate the proceedings to which it relates.[6] The Supreme Court proceeded to determine whether a statute requiring an elected official to give bond and take an official oath within ten days was mandatory or directory. The Supreme Court stated:
 Where a statute fixes the time within which an official oath must be taken or an official bond given, the provision respecting the time is directory, although the statute declares that the office is forfeited by default; and unless the statute expressly declares that failure to take the oath or to give the bond by the time prescribed ipso facto vacates the office, the oath may be taken and the bond given at any time before the term begins.[7]
In accordance in State ex rel. Jones v. Farrar, we find R.C. 2701.06 to be a directory statute; therefore, appellees' noncompliance did not invalidate appellant's criminal proceedings. We find the trial court did not err in granting appellees' motion to dismiss.
Appellant's sole assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Richland County Court of Common Pleas is affirmed.
Costs assessed to appellant.
Hon. William B. Hoffman, P.J. Hon. W. Scott Gwin, J. Hon. Julie A. Edwards, J. concur.
[1] R.C. 3.22 provides:
 Each person chosen or appointed to an office under the constitution or laws of this state, and each deputy or clerk of such officer, shall take an oath of office before entering upon the discharge of his duties. The failure to take such oath shall not affect his liability or the liability of his sureties.
R.C. 3.23 states:
 The oath of office of each judge of a court of record shall be to support the constitution of the United States and the constitution of this state, to administer justice without respect to persons, and faithfully and impartially to discharge and perform all the duties incumbent on him as such judge, according to the best of his ability and understanding. The oath of office of every other officer, deputy, or clerk shall be to support the constitution of the United States and the constitution of this state, and faithfully to discharge the duties of his office.
[2] State ex rel. Belford v. Hueston (1886), 44 Ohio St.1st.
[3] State ex rel. Jones v. Farrar (1946), 146 Ohio St. 467.
[4] State ex rel. Belford v. Hueston, supra at 2.
[5] State ex rel. Jones v. Farrar, supra at 534.
[6] Id.
[7] Id. at paragraph 4 of syllabus.