OPINION JUDGMENT ENTRY
{¶ 1} Plaintiff-appellant James R. Stanley appeals the November 26, 2003 Judgment Entry of the Stark County Court of Common Pleas granting default judgment in favor of defendant-appellee Union Metal Corporation.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} This appeal arises from a workers' compensation claim filed by appellant against Union Metal Corporation ("Union Metal"). The Industrial Commission of Ohio allowed appellant's claim. Thereafter, on August 1, 2003, appellee filed a notice of appeal with the Stark County Court of Common Pleas pursuant to R.C. 4123.512. On September 6, 2003, the docket indicates Darlene Stanley signed for service of the Notice of Appeal filed with the court. Appellant's counsel was not served with notice of the appeal.
{¶ 3} On November 12, 2003, appellee filed a motion for default judgment with the trial court requesting dismissal and judgment in its favor based on appellant's failure to prosecute his claim, citing appellant's failure to file his complaint in accordance with R.C. 4123.512(D).
{¶ 4} On November 17, 2003, appellant filed a motion for leave to file complaint, instanter, and in opposition to appellee's motion for default judgment. On November 19, 2003, appellee filed a response to appellant's motion.
{¶ 5} On November 26, 2003, the trial court entered judgment in favor of appellee based on appellant's failure to file his complaint in accordance with R.C. 4123.512.
{¶ 6} On December 18, 2002, appellant filed a motion for reconsideration with the trial court. Prior to the trial court's adjudication of the motion for reconsideration, appellant filed a notice of appeal to this Court, divesting the trial court of jurisdiction.
{¶ 7} Appellant appeals the November 26, 2003 Judgment Entry of the Court of Common Pleas, citing the following assignments of error:
{¶ 8} "I. Where an employer perfects an appeal from the decision of the industrial commission and the claimant fails to timely file a petition as provided by section r.c. 4123.512, it is error for the court of common pleas to summarily overrule claimant's motion for leave to file such petition and to grant the employer's motion for default judgment. Singer SewingMachine Co. v. Puckett (1964), 176 Ohio St. 32, 197 N.E.2d 353, Syllabus Paragraph 3, followed.
{¶ 9} "II. Where an employer perfects an appeal from the decision of the industrial commission, in order to obtain appropriate service on the injured worker, the notice of appeal must also be served on the injured worker's attorney of record."
{¶ 10} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
{¶ 11} "(E) Determination and judgment on appeal.
{¶ 12} "The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the courts decision as to each error to be in brief and conclusionary form.
{¶ 13} "The decision may be by judgment entry in which case it will not be published in any form."
{¶ 14} This appeal shall be considered in accordance with the aforementioned rule.
 I
{¶ 15} In the first assignment of error, appellant maintains the trial court erred in summarily overruling appellant's motion for leave to file his complaint and in granting appellee's motion for default judgment. We agree.
{¶ 16} Upon receipt of a notice of appeal, R.C. Section4123.512 states:
{¶ 17} "(D) Upon receipt of notice of appeal the clerk of courts shall provide notice to all parties who are appellees and to the commission.
{¶ 18} "The claimant shall, within thirty days after the filing of the notice of appeal, file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action."
{¶ 19} It is undisputed appellant failed to file his petition within the 30-day time limitation set forth in the statute. On November 17, 2003, 108 days after the filing of the notice of appeal and 72 days after service upon appellant, appellant did file a motion to file a complaint instanter.
{¶ 20} The Ohio Supreme Court addressed this issue in SingerSewing Mach. Co. v. Puckett (1964), 176 Ohio St. 32. InSinger, prior to the hearing on the employer's motion for default, the claimant filed a motion for leave to file his petition. Solely upon briefs and oral argument the trial court denied the claimant's motion for leave to file his petition and granted the employer's motion for default at the same time finding that the claimant "is not entitled to receive or to continue to receive workmen's compensation from plaintiff employer."
{¶ 21} The Ohio Supreme Court held:
{¶ 22} "In addition to the legislative use of the word, `shall,' which generally is given a mandatory construction, the employer contends that the legislative history shows that to confer jurisdiction on the court there must be a timely filing of a petition by the claimant. True, it was not until the 1959 amendment of Section 4123.519 (128 Ohio Laws, 743, 753) that any time limitation was imposed. In fact, when the section was enacted originally in 1955 (126 Ohio Laws, 1015, 1026), there was no provision for the filing of a petition, and the 1957 amendment (127 Ohio Laws, 898, 900) imposed upon the `appellant' the duty of filing a petition without time limitation.
{¶ 23} "The literal meaning of the words, `shall' and `may,' is not always controlling in the construction of a statute. Cases in which these words are convertible are numerous. See 50 Ohio Jurisprudence 2d 30, Statutes, Section 20; Sutton, Use of `Shall' in Statutes (1939), 4 John Marshall Law Quarterly, 204. As was so aptly stated by Hart, J., in State, ex rel. Jones, v.Farrar (1946), 146 Ohio St. 467, at page 472, 66 N.E.2d 531, at page 534:
`Whether a statute is mandatory or directory is to be ascertained from a consideration of the entire act, its nature, its effect and the consequences which would result from construing it one way or another. In each instance, it is necessary to look to the subject matter of the statute and consider the importance of the provision which has been disregarded and the relation of that provision to the general object intended to be secured by the act.'
{¶ 24} "Claimant's petition is not jurisdictional. Section4123.519 unequivocally provides that the filing of a notice of appeal with the Industrial Commission of Ohio and the Court of Common Pleas `shall be the only act required to perfect the appeal and vest jurisdiction in the court.'
{¶ 25} "Where, as in the instant case, the claimant has been awarded workmen's compensation by the administrative agency, and the employer appeals, the purpose of requiring a petition by the claimant is to give orderliness to the appellate proceeding. The court already has full jurisdiction over the action by virtue of the timely filed notice of appeal and consequently would entertain a motion to require the claimant to file his petition if he fails to do so within the 30-day period. Since some claimants, at least, are not represented by counsel, they may be unaware of their obligation to file a petition on appeal. To summarily grant a motion for judgment on the pleadings where the claimant fails to file his petition would be too harsh a consequence for the failure to file a timely petition." Singer,
supra.
{¶ 26} In Zuljevic v. Midland-Ross Corp., Unitcast Division
(1980), 62 Ohio St.2d 116. The Ohio Supreme Court followed its prior decision in Singer, holding:
{¶ 27} "In Singer Sewing Machine v. Puckett, this Court held that a claimant's failure to timely file his R.C. 4123.519
complaint does not of necessity warrant a judicial determination in favor of the employer and against the claimant. To summarily grant a motion for judgment on the pleadings where the claimant fails to file his petition would be too harsh a consequence for the failure to file a timely petition." Id., 176 Ohio St. at page 37, 197 N.E.2d at page 356. In Thompson v. Reibel (1964),176 Ohio St. 258, 199 N.E.2d 117, this court held that a court may, in the exercise of sound discretion, permit a claimant to file his complaint after the 30-day period, even where the claimant, rather than the employer, appeals from an unfavorable administrative order or decision.
{¶ 28} "The law does not, however, permit a claimant to disregard with impunity his statutory obligation to timely prosecute his R.C. 4123.519 claim. Were this court to hold that a claimant may file an untimely complaint in a R.C. 4123.519 appeal without first obtaining leave of court, the 30-day statutory time limit would be rendered meaningless. Having failed to comply with the statute, it becomes the claimant's burden to show that his failure is due to excusable neglect or other good cause. Nevertheless, it is an abuse of discretion to dismiss R.C.4123.519 proceedings on the basis of a claimant's failure to act where he has not been given notice and an opportunity to show cause why the proceedings should not be dismissed and judgment entered against him." Id.
{¶ 29} In light of the basic tenet to decide cases on their merits, we find the procedural posture of the case sub judice significantly analogous to the above Supreme Court holdings, and find the trial court erred in summarily granting Union Metal's motion for default judgment against appellant. Based upon our determination of appellant's first assignment of error, we find appellant's second assignment of error moot.
{¶ 30} The November 26, 2003 Judgment Entry of the Stark County Court of Common Please is reversed and this matter is remanded to the trial court.
Farmer and Boggins, JJ., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the November 26, 2003 Judgment Entry of the Stark County Court of Common Please is reversed and this case is remanded for further proceeding in accordance with this opinion. Costs assessed to appellees.