Knickerbocker Properties, Inc. XLII, Appellant, v. Delaware
County Board of Revision et al., Appellees.

[Cite as *Knickerbocker Properties, Inc. XLII v. Delaware Cty.
Bd. of Revision*, 119 Ohio St.3d 233, 2008-Ohio-3192.]

(No. 2007–0896—Submitted April 22, 2008—Decided July 3, 2008.)

Lundberg Stratton, J.

{¶ 1} Knickerbocker Properties, Inc. XLII, which purchased the subject parcel—an apartment complex—on December 17, 2003, for a price of $27,605,000, appeals from a decision of the Board of Tax Appeals ("BTA"). The BTA affirmed the board of revision ("BOR") and adopted the sale price as the value of the property. Knickerbocker complains that it did not receive notice of the hearing at the BOR and that the Board of Education of Olentangy Local Schools ("BOE") caused the defect by failing to use Knickerbocker's proper address on the valuation complaint. Placing the correct address on the valuation complaint, according to Knickerbocker, constitutes a prerequisite to the BOR's jurisdiction over the complaint. Knickerbocker argues that the BOR should have dismissed the complaint because the BOE did not put the correct address on the complaint.

{¶ 2} We disagree with Knickerbocker's contention that the BOE failed to invoke the BOR's jurisdiction by the use of an incorrect address on the complaint. The responsibility for providing proper notice to the owner lay with the BOR, not with the BOE as the complainant. However, even though the BOE's complaint invoked the BOR's jurisdiction as a general matter, the BOR's use of the wrong address when it attempted to give notice of the hearing resulted in both a failure to afford due process rights in holding the hearing and a lack of authority to order the value increase based on that hearing. We therefore reverse and remand so that the BOR may properly notify Knickerbocker and hold a new hearing on the complaint.

I

{¶ 3} On March 30, 2004, the BOE filed its complaint against the auditor's valuation of the property at $21,631,828. The BOE asked that the value be increased for the 2003 tax year to $27,605,000, based on the December 29, 2003

sale of the property to Knickerbocker for that amount. On the part of the complaint form designated for "Owner of the Property," the BOE identified Knickerbocker Properties, Inc. XLII as the owner and set forth the address as "c/o Eproperty Tax Department 117" at a Scottsdale, Arizona mailbox. The record indicates that the Eproperty address constituted the tax mailing address of the owner as late as February 4, 2004. However, the address for Knickerbocker set forth on the deed and conveyance-fee statement, both of which the BOE attached to its complaint, was "c/o Sentinel Real Estate Corporation" at a New York City address. The record does not clearly establish when the auditor changed the Knickerbocker address on his website.

{¶ 4} On April 7, 2004, the auditor issued the statutory notice of the BOE's complaint to Knickerbocker at the Eproperty address, not the Sentinel Real Estate address.[1] That notice set May 11, 2004, as the date for the BOR hearing. Although the Eproperty address was apparently the address of Knickerbocker's seller rather than Knickerbocker itself, Knickerbocker did receive the notice when the seller forwarded it to Knickerbocker. Knickerbocker then sent a letter to the BOR on Sentinel Real Estate Corporation letterhead requesting a continuance of the hearing. (Though this letter is not contained in the statutorily required record, the transmission and content of the letter are not contested by the parties.)

{¶ 5} Subsequently, the BOR rescheduled the hearing for September 29, 2004, and sent a notice to that effect on September 1, 2004. That notice was again addressed to Knickerbocker at the Eproperty address. The BOR held its hearing on September 29, 2004, but no representative of Knickerbocker appeared. The BOE appeared and presented the sale price as evidence of value, and that same day, the BOR issued its decision adopting the sale price. In sending notice of its decision to Knickerbocker, the BOR once more utilized the Eproperty address rather than the Sentinel Real Estate address.

{¶ 6} Finally, on June 13, 2005, the BOR sent the same notice to Knickerbocker at the Sentinel Real Estate address. On July 12, 2005, Knickerbocker appealed to the BTA, where it filed a motion to remand. In that motion, Knickerbocker argued that the BOR had never obtained jurisdiction because the

---

1. The record the BOR certified to the BTA does not contain a copy of this notice. Also missing from the record is the correspondence by which Knickerbocker requested that the original hearing be postponed. Additionally, the record does not contain copies of receipts for the certified mailing of notices. However, the parties attached some of these items to legal memoranda that were filed at the BTA, and, because neither party objected to the submissions, we regard them as constituting part of the record in this case. But the BOR should have certified evidence of its own jurisdiction and proceedings to the BTA pursuant to R.C. 5717.01, which requires the BOR to "certify to the board of tax appeals a transcript of the record of the proceedings of the county board of revision pertaining to the original complaint, and all evidence offered in connection therewith."

BOE did not place on the valuation complaint the address that was given for Knickerbocker on the deed and conveyance-fee statement.

{¶ 7} Furthermore, Knickerbocker's counsel at oral argument to this court argued that the delay in receiving notice of the BOR proceedings caused Knickerbocker to lose its rights under a contractual provision that would have required the seller, rather than Knickerbocker, to defray the increased tax on the property. This contention underscores the importance of the BOR's compliance with the statutory requirement that the owner be notified directly of a hearing.

{¶ 8} The BTA denied the motion to remand, holding that the BOE's complaint complied with "core jurisdictional requirements" by correctly naming the owner, the parcel number, and the basis for the value sought. After the parties waived a hearing, Knickerbocker filed a brief reiterating its jurisdictional arguments, and the BOE filed a brief urging the BTA to adopt the sale price as the measure of value.

{¶ 9} On April 13, 2007, the BTA issued its decision, in which it again rejected the jurisdictional objection raised by Knickerbocker. In particular, the BTA asserted that the availability of a de novo hearing at the board cured any due process concerns about the hearing notice at the BOR. On the merits, the BTA adopted the sale price as the measure of value. Knickerbocker then appealed to this court.

## II

{¶ 10} Knickerbocker contends that the BOE filed a jurisdictionally deficient complaint because it used the wrong taxpayer address. We disagree. When a *statute* specifically requires a litigant to perform certain acts in order to invoke the jurisdiction of an administrative tribunal (or the jurisdiction of a court to review an administrative decision), the performance of such acts usually constitutes a prerequisite to the tribunal's jurisdiction. See *Am. Restaurant & Lunch Co. v. Glander* (1946), 147 Ohio St. 147, 34 O.O. 8, 70 N.E.2d 93, paragraph one of the syllabus; *Zier v. Bur. of Unemp. Comp.* (1949), 151 Ohio St. 123, 38 O.O. 573, 84 N.E.2d 746, paragraph one of the syllabus. By contrast, this case involves the manner in which the BOE filled out the valuation complaint form prescribed by the Tax Commissioner. Knickerbocker does not cite any statute that requires the complainant to provide an address.

{¶ 11} R.C. 5715.19, the section that provides for the filing of valuation complaints, does not itself require any specific content for the complaint. R.C. 5715.30 requires the Tax Commissioner to "prescribe for and furnish to all county boards of revision" the "complaints" that are "authorized or required by any law which relates to the assessment, levy, or collection of taxes." Yet no specific language in that section or in R.C. 5715.19 requires strict compliance with every

provision of the forms that the Tax Commissioner prescribes. Finally, R.C. 5715.12 prohibits the BOR from increasing a valuation "without giving notice to the person in whose name the property affected thereby is listed and affording him an opportunity to be heard." Nothing in that section mandates that the complainant furnish an address on the complaint form—let alone states which address the complainant ought to use.

{¶ 12} Perhaps most significant is the fact that the statutes do not place the burden of providing proper notice to the property owner on the complainant. R.C. 5715.19(B) explicitly requires the auditor, not the complainant, to give notice of the filing of a complaint in particular situations. R.C. 5715.19(C) also requires that the BOR furnish notice of a hearing to a property owner when the complaint was filed by someone other than the owner. Finally, R.C. 5715.12 requires the BOR to notify the owner of a hearing before increasing the valuation, while R.C. 5715.13 requires the BOR to notify other parties of a hearing before decreasing the valuation.

{¶ 13} In no instance do the statutes require the complainant to give notice of a hearing, nor do they contemplate that the BOR must use the address on the complaint when it gives notice. Moreover, the BOR, through its statutory secretary, the auditor, has direct access to the information concerning where to send the notice.

{¶ 14} Our analysis does not suggest that the BOE acted properly in this case. The BOE submitted a complaint with a deed and a conveyance-fee statement that reflected Knickerbocker's actual address, yet the BOE failed to use the proper address on the complaint form itself. Even if the auditor had not yet updated his records at the time the complaint was filed, the BOE ought to have diligently ascertained and supplied the correct address on the complaint form, which would have avoided the resulting chain of events. But the failure to use the appropriate address did not deprive the BOR of jurisdiction over the valuation complaint because the duty to notify Knickerbocker at the correct address still lay with the BOR and the auditor. However, that does not end our analysis.

## III

{¶ 15} Subsumed within Knickerbocker's main argument is the assertion that the BOR could not hold the hearing and increase the value of the property without giving proper notice to the owner. Knickerbocker ascribes the fault for the failure to notify it of the hearing to the BOE but, as discussed, it is the BOR rather than the complainant that has the statutory duty to give proper notice.

{¶ 16} R.C. 5715.12 specifically prohibits the BOR from ordering an increase

without giving notice to the owner.[2] In this case, the BOR scheduled a second hearing, at Knickerbocker's request, and attempted to give notice to Knickerbocker, but in doing so used the Eproperty address rather than the Sentinel Real Estate address. We must now examine whether the BOR complied with R.C. 5715.12 when it used the Eproperty address to notify Knickerbocker.

{¶ 17} While R.C. 5715.12 and 5715.19(C) expressly create the obligation to notify the owner and authorize the use of "registered" mail, neither section specifies what address ought to be used. Under such circumstances, we have held that the constitutional due process principle supplies the rule: the owner may be served at an address that is reasonably calculated to give notice to the owner. See *Regional Airport Auth. v. Swinehart* (1980), 62 Ohio St.2d 403, 406, 16 O.O.3d 436, 406 N.E.2d 811. Thus, the issue in this case consists of whether using the Eproperty address was reasonably calculated to give actual notice to Knickerbocker that the hearing would be held on September 29, 2004.

{¶ 18} We hold that given the present record, the BOR failed to comply with R.C. 5715.12 and 5715.19(C). By the time the notice of the second hearing was attempted, the auditor's own record showed the Sentinel Real Estate address as the proper address for Knickerbocker. In addition, the deed, the conveyance-fee statement, and the correspondence requesting the continuance of the hearing all showed the Sentinel Real Estate address as the proper address for Knickerbocker. Under these circumstances, the use of the Eproperty address as an address for Knickerbocker in September 2004 was not reasonably calculated to give actual notice of the hearing to Knickerbocker. The mail sent to the entity that sold the property to Knickerbocker was not reasonably calculated to give notice to Knickerbocker because that entity had no duty to forward the mail to Knickerbocker.[3]

## IV

{¶ 19} Our holding that the BOR failed to comply with R.C. 5715.12 and 5715.19(C) does not, without more, fully resolve this appeal. We must still

---

2. R.C. 5715.19(B) also requires the BOR to give notice of the filing of a complaint so that other persons may file countercomplaints. Such countercomplaints must be filed within 30 days of receipt of the notice. In this case, the notice to Knickerbocker was sent to the Eproperty address, but the record indicates that Knickerbocker received actual notice and requested that the hearing be continued. Indeed, the notice was dated April 7, 2004, and Knickerbocker's request for continuance was dated April 30, 2004. Had Knickerbocker included a countercomplaint with its request for continuance, that countercomplaint would have been timely.

3. If Knickerbocker is correct in asserting that the seller was contractually liable for tax assessments incurred within a certain timeframe, then the seller had a motive not to forward additional tax notices. Such a circumstance would by itself make the use of the seller's address unreasonable.

determine what effect that statutory violation had on the validity of the BOR's decision and Knickerbocker's eventual appeal.

{¶ 20} In *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision* (2000), 87 Ohio St.3d 363, 721 N.E.2d 40, we confronted a situation in which the BOR notified the wrong entity, which was not the actual owner, of the filing of the complaint, the date of the hearing, and the decision of the board. Quoting *Lincoln Tavern, Inc. v. Snader* (1956), 165 Ohio St. 61, 64, 59 O.O. 74, 133 N.E.2d 606, we stated that " '[i]t is axiomatic that for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance, and a judgment rendered without proper service or entry of appearance is a nullity and void.' " *Cincinnati School Dist.* at 366–367, 721 N.E.2d 40. The present case likewise presents a failure of notice under R.C. 5715.12 and 5715.19(C). The BOR's order increasing the value of the property was invalid.

{¶ 21} This case differs from *Cincinnati School Dist.* in one significant respect. In *Cincinnati School Dist.*, the BOR itself had attempted to remedy the jurisdictional defect by vacating its prior order. We held that the BOR had no jurisdiction to vacate its order after the appeal time had run. By contrast, the BOR in this case sent notice of its decision to Knickerbocker at the proper address about eight months after the decision had been issued. Once this certification of the BOR's decision occurred, the period for Knickerbocker to appeal to the BTA began. R.C. 5715.20. See *Cleveland Elec. Illum. Co. v. Lake Cty. Bd. of Revision*, 96 Ohio St.3d 165, 2002-Ohio-4033, 772 N.E.2d 1160, ¶ 22; *Hughes v. Ohio Dept. of Commerce*, 114 Ohio St.3d 47, 2007-Ohio-2877, 868 N.E.2d 246, ¶ 18, 19. Knickerbocker then pursued an appeal to the BTA within 30 days, as provided by the statute.

{¶ 22} As a result, the BTA obtained jurisdiction to vacate the BOR's order. The BTA should have vacated, but instead it affirmed, the BOR's order increasing the value of the property. The BTA relied primarily on its theory that the ability to present evidence and cross-examine witnesses before this board mitigated due process concerns. That theory is mistaken for two reasons. First and foremost, the failure to notify Knickerbocker of the hearing rendered the BOR's decision a nullity.

{¶ 23} Second, under the statutory scheme, the hearing at the BTA is not a full substitute for the opportunity to be heard at the BOR. That is so because, once the BOR adopted the increased property value, Knickerbocker as the appellant bore the burden of persuasion at the BTA. See *Dayton–Montgomery Cty. Port Auth. v. Montgomery Cty. Bd. of Revision*, 113 Ohio St.3d 281, 2007-Ohio-1948, 865 N.E.2d 22, ¶ 15 (" 'the burden of persuasion before the BTA was on [the challenger], not the BOR' "), quoting *Simmons v. Cuyahoga Cty. Bd. of Revision*

(1998), 81 Ohio St.3d 47, 48, 689 N.E.2d 22. Had Knickerbocker been afforded an opportunity to be heard at the BOR, that burden might never have shifted.

{¶ 24} We hold that the BTA had jurisdiction to vacate the BOR's order and that it committed legal error when it failed to do so. We remand to the BTA with instructions that it vacate the BOR's order and remand to the BOR. On remand, the BOR shall give proper notice and hold a new hearing concerning the value of the property.

Decision reversed
and cause remanded.

MOYER, C.J., and PFEIFER, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———————

Sleggs, Danzinger & Gill Co., L.P.A., and Todd W. Sleggs, for appellant.

Rich, Crites & Dittmer, L.L.C., Jeffrey A. Rich, and Mark H. Gillis, for appellee Board of Education of the Olentangy Local School District.

David Yost, Delaware County Prosecuting Attorney, for appellees Delaware County Board of Revision and Delaware County Auditor.