[Cite as *2200 Carnegie, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 195 Ohio App.3d 713, 2011-Ohio-5397.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 96646

## 2200 CARNEGIE, L.L.C.,

APPELLANT,

v.

## CUYAHOGA COUNTY BOARD OF REVISION ET AL.,

APPELLEES.

**JUDGMENT:**
REVERSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-702890

**BEFORE:**  BLACKMON, P.J., STEWART, J., and BOYLE, J.

**RELEASED AND JOURNALIZED:**     October 20, 2011

**APPEARANCES**

Zuckerman, Daiker & Lear Co., L.P.A., Larry W. Zuckerman, and S. Michael Lear, for appellant.


William D. Mason, Cuyahoga County Prosecuting Attorney, and Saundra J. Curtis-Patrick, Assistant Prosecuting Attorney; and James H. Hewitt Company, L.P.A., and James H. Hewitt III, for appellees.

PATRICIA ANN BLACKMON, Presiding Judge.

{¶ 1} Appellant, 2200 Carnegie, L.L.C. ("Carnegie") appeals the trial court's decision affirming the Cleveland Municipal School District Board of Education's ("BOE's") valuation of the combined taxable values of Parcel Nos. 103-16-029 and 103-16-030. Carnegie assigns the following errors for our review:

> I. The trial court abused its discretion by affirming the appellee Board of Education's valuation of the taxable value of the subject property owned by appellant as the appellee Board was without jurisdiction over appellant to hear and rule on the March 27, 2007 Complaint, as the notice of the filing of complaints "[w]ithin thirty days after the last such complaints may be filed" as mandated by ORC 5715.19(B) was not complied with.

> II. The trial court abused its discretion by affirming the appellee Board of Revision's valuation of the taxable value of the subject property owned by appellant as the appellee Board failed to certify to the trial court a complete transcript of the record of proceedings of said Board and, accordingly, failed to comply with ORC 5717.05.

{¶ 2} Having reviewed the record and pertinent law, we reverse the trial court's decision. The apposite facts follow.

{¶ 3} In tax year 2006, the Cuyahoga County Auditor's office valued Carnegie's property, identified as Permanent Parcel Numbers 103-16-029 and 103-16-030, at $422,200. On March 27, 2007, the BOE filed a complaint with the Board of Revision ("BOR"), seeking a new value of $520,000 based on an October 16, 2006 sale of the property.

{¶ 4} On August 30, 2007, Carnegie filed a motion with the BOR to dismiss the complaint on the grounds that the BOE had not acquired jurisdiction because of its failure to properly notify Carnegie. On that same date, the BOR held a hearing relative to the

BOE's request and granted the increase. On October 11, 2007, the BOR notified Carnegie of the new valuation.

{¶ 5} On November 8, 2007, Carnegie appealed the BOR's decision to the Cuyahoga County Common Pleas Court. Carnegie argued that it had not been duly notified; therefore, the BOR was without jurisdiction to proceed on the complaint. The trial court agreed. On September 8, 2008, the trial court remanded the matter to the BOR with instructions to send notice of the BOE's complaint to Carnegie and then proceed after jurisdiction was obtained.

{¶ 6} On September 25, 2008, the BOR sent notice to Carnegie that the BOE had filed a complaint seeking a new valuation of the property. On April 16, 2009, the BOR held a hearing on the BOE's complaint and subsequently, on August 6, 2009, issued a decision granting the new valuation of the property.

{¶ 7} On August 31, 2009, Carnegie appealed the BOR's second decision to the Cuyahoga County Common Pleas Court. On March 9, 2011, the trial court affirmed the BOR's decision granting the increased valuation. Carnegie now appeals.

## Lack of Notice

{¶ 8} In the first assigned error, which we find dispositive of the instant appeal, Carnegie argues that the BOR was without jurisdiction to hear and rule on the BOE's complaint because the Cuyahoga County Auditor failed to provide notice within the time period prescribed by the statute.

**{¶ 9}** R.C. 5715.19(A), the statute that sets forth the manner in which the value of real property may be challenged, provides the following:

(1) Subject to division (A)(2) of this section, a complaint against any of the following determinations for the current tax year shall be filed with the county auditor on or before the thirty-first day of March of the ensuing tax year or the date of closing of the collection for the first half of real and public utility property taxes for the current tax year, whichever is later.

**{¶ 10}** R.C. 5715.19(B) details the auditor's notification duties when a complaint is filed under subsection (A)(1):

Within thirty days after the last date such complaints [under subsection (A)(1)] may be filed, the auditor shall give notice of each complaint in which the stated amount of overvaluation, undervaluation, discriminatory valuation, illegal valuation, or incorrect determination is at least seventeen thousand five hundred dollars to each property owner whose property is the subject of the complaint, if the complaint was not filed by the owner or the owner's spouse, and to each board of education whose school district may be affected by the complaint.

**{¶ 11}** Pursuant to this language, the auditor is statutorily obligated to notify the property owner and the board of education of the filing of a tax-assessment complaint under R.C. 5719.19(A)(1). *Roberts v. Clinton Cty. Aud.*, 12th Dist. Nos. CA2007-03-012, CA2007-03-013, CA2007-03-014, CA2007-03-015, CA2007-03-016, CA2007-03-017, CA2007-03-018, and CA2007-03-019, 2008-Ohio-535.

**{¶ 12}** In the instant case, it is undisputed that the BOE's first complaint, filed March 27, 2007, was filed within the statutory period as outlined above. It is also undisputed that the Cuyahoga County Auditor failed to notify Carnegie as outlined in the statute. Therefore, the BOR was without jurisdiction to consider the complaint.

{¶ 13} Pursuant to R.C. 5715.19(A), a valuation challenge to tax year 2006 must be filed by March 31, 2007. Under R.C. 5715.19(A), the trial court's only recourse was to dismiss the matter. Consequently, the remand to order the BOR to serve the property owner does not cure the jurisdictional defect. See *Destro v. Cuyahoga Cty. Bd. of Revision* (2006), BTA No. 2006-V-669. See also *Bill v. Ottawa Cty. Bd. of Revision* (Nov. 5, 2004), BTA No. 2004-A-920; *Holderby v. Franklin Cty. Bd. of Revision* (May 14, 2004), BTA No. 2003-A-1011; *Wortman v. Licking Cty. Bd. of Revision* (Aug. 13, 1993), BTA No. 1992-M-1040; *Big Walnut, Inc. v. Franklin Cty. Bd. of Revision* (Oct. 30, 1984), BTA No. 1982-A-1082.

{¶ 14} We are aware that in *Knickerbocker Properties, Inc. XLII v. Delaware Cty. Bd. of Revision*, 119 Ohio St.3d 233, 2008-Ohio-3192, 893 N.E.2d 457, the Ohio Supreme Court held that the BOE's failure to use the proper address of the property owner on the valuation-complaint form did not deprive the BOR of jurisdiction. In the instant case, unlike in *Knickerbocker*, where notice was sent to the wrong address, there was no attempt at notifying the property owners that a valuation complaint had been filed. In addition, in *Knickerbocker,* the notice was forwarded to the proper party in time for them to request and be granted a continuance of the evaluation hearing. Therefore, the instant case is factually distinguishable from *Knickerbocker*.

{¶ 15} The appellee, the BOE, makes a compelling argument that when it filed its complaint with the BOR, it had strictly complied with the mandate of R.C. 5715.19. Thus, the property owner did receive notice, although not within the 30-day period. The

BOE argues that this is not a jurisdiction bar, but a notice requirement that may be cured, and it was. However, the language of R.C. 5715.19 mandates notice to the property owner.

{¶ 16} Considering the record before us, the trial court erred in affirming the BOR's new tax valuation of the property. Accordingly, we sustain the first assigned error.

{¶ 17} Our resolution of the first assigned error renders Carnegie's second assigned error moot. App.R. 12(A)(1)(C).

Judgment reversed.

BOYLE, J., concurs.

STEWART, J., dissents.

MELODY J. STEWART, Judge, dissenting.

{¶ 18} I dissent from the decision reached by the majority in this case. I would overrule both assigned errors and affirm the trial court's decision to uphold the increased valuation.

{¶ 19} When 2200 Carnegie sought dismissal of the March 27 complaint on the basis that it had not received notice, the trial court agreed that 2200 Carnegie did not receive proper notice, but refused to dismiss the complaint. Instead, it remanded the case to the BOR "with instructions to send notice of the board of education complaint to the property owner pursuant to R.C. 5715.19(B)." 2200 Carnegie did not appeal this

decision. On remand, the BOR issued notice of the complaint, heard the matter, and valued 2200 Carnegie at the purchase price of the October 2006 sale.

{¶ 20} 2200 Carnegie now argues that the court had no authority to remand the case to the BOR once it made the initial determination that the auditor had failed to give 2200 Carnegie the required statutory notice under R.C. 5715.19(B). But again, it did not appeal this decision when it was made.

{¶ 21} In *Knickerbocker Properties, Inc. XLII v. Delaware Cty. Bd. of Revision*, 119 Ohio St.3d 233, 2008-Ohio-3192, 893 N.E.2d 457, the Supreme Court clearly established that failure of a BOR to provide proper notice to a property owner is not in and of itself a jurisdictional defect. Similar to the facts in this case, Knickerbocker's property value was increased based on a recent sale. At no time, however, was Knickerbocker provided with proper notice of the complaint or the valuation hearing because the complainant, a local board of education, put an incorrect address on the complaint—an address that the board of revision in turn used. Knickerbocker sought reversal of the valuation on the grounds that the board of review had no jurisdiction over the complaint because the complainant board of education had failed to properly invoke jurisdiction by using the wrong address on the complaint. The Supreme Court rejected the argument that jurisdiction of the board of review was not properly invoked because of the defective address.

{¶ 22} In the case at bar, the BOE had no defects in its complaint; therefore, jurisdiction was properly invoked. The auditor's office simply failed to provide notice to 2200 Carnegie.

{¶ 23} Furthermore, the circumstances leading to reversal in *Knickerbocker* are not present in this case. Knickerbocker appealed the valuation increase to the board of tax appeals ("BTA"), arguing that it had not been provided with proper notice of the BOR hearing and was thus unable to participate in the hearing. Knickerbocker asked the BTA to remand the case to the BOR. The BTA instead adopted the valuation. Noting that the responsibility for providing proper notice rests with the board of review, the Supreme Court held that "even though the BOE's complaint invoked the BOR's jurisdiction as a general matter, the BOR's use of the wrong address when it attempted to give notice of the hearing resulted in both a failure to afford due process rights in holding the hearing and a lack of authority to order the value increase based on that hearing. We therefore reverse and remand so that the BOR *may properly notify Knickerbocker and hold a new hearing on the complaint.*" (Emphasis added.) *Knickerbocker Properties*, 119 Ohio St.3d 233, 2008-Ohio-3192, 893 N.E.2d 457, ¶ 2. The remedy set forth by the court in *Knickerbocker* is exactly what happened in the case at bar. The trial court reversed the initial valuation and ordered the BOR to provide proper notice to 2200 Carnegie and hold a new hearing to rule on the case. Any due-process concerns or issues of authority were thus remedied by the April 16 hearing. 2200 Carnegie's first assignment of error should be overruled.

{¶ 24} 2200 Carnegie also argues that the court should have dismissed the proceedings following remand because the school district failed to certify a complete transcript of the record to the court in the second appeal to the court. 2200 Carnegie cites no authority for the proposition that the board's filing of an incomplete transcript deprives the court of jurisdiction. I would therefore find that this argument also lacks merit.

————————————