Melody J. Stewart, Judge,
dissenting.
{¶ 18} I dissent from the decision reached by the majority in this case. I would overrule both assigned errors and affirm the trial court’s decision to uphold the increased valuation.
{¶ 19} When 2200 Carnegie sought dismissal of the March 27 complaint on the basis that it had not received notice, the trial court agreed that 2200 Carnegie did not receive proper notice, but refused to dismiss the complaint. Instead, it remanded the case to the BOR “with instructions to send notice of the board of education complaint to the property owner pursuant to R.C. 5715.19(B).” 2200 Carnegie did not appeal this decision. On remand, the BOR issued notice of the complaint, heard the matter, and valued 2200 Carnegie at the purchase price of the October 2006 sale.
{¶ 20} 2200 Carnegie now argues that the court had no authority to remand the case to the BOR once it made the initial determination that the auditor had failed to give 2200 Carnegie the required statutory notice under R.C. 5715.19(B). But again, it did not appeal this decision when it was made.
{¶21} In Knickerbocker Properties, Inc. XLII v. Delaware Cty. Bd. of Revision, 119 Ohio St.3d 233, 2008-Ohio-3192, 893 N.E.2d 457, the Supreme Court clearly established that failure of a BOR to provide proper notice to a property owner is not in and of itself a jurisdictional defect. Similar to the facts in this case, Knickerbocker’s property value was increased based on a recent sale. At no time, however, was Knickerbocker provided with proper notice of the complaint or the valuation hearing because the complainant, a local board of education, put an incorrect address on the complaint — an address that the board of revision in turn used. Knickerbocker sought reversal of the valuation on the grounds that the board of review had no jurisdiction over the complaint because the complainant board of education had failed to properly invoke jurisdiction by using the wrong address on the complaint. The Supreme Court rejected the *718 argument that jurisdiction of the board of review was not properly invoked because of the defective address.
{¶ 22} In the case at bar, the BOE had no defects in its complaint; therefore, jurisdiction was properly invoked. The auditor’s office simply failed to provide notice to 2200 Carnegie.
{¶ 23} Furthermore, the circumstances leading to reversal in Knickerbocker are not present in this case. Knickerbocker appealed the valuation increase to the board of tax appeals (“BTA”), arguing that it had not been provided with proper notice of the BOR hearing and was thus unable to participate in the hearing. Knickerbocker asked the BTA to remand the case to the BOR. The BTA instead adopted the valuation. Noting that the responsibility for providing proper notice rests with the board of review, the Supreme Court held that “even though the BOE’s complaint invoked the BOR’s jurisdiction as a general matter, the BOR’s use of the wrong address when it attempted to give notice of the hearing resulted in both a failure to afford due process rights in holding the hearing and a lack of authority to order the value increase based on that hearing. We therefore reverse and remand so that the BOR may properly notify Knickerbocker and hold a new hearing on the complaint.” (Emphasis added.) Knickerbocker Properties, 119 Ohio St.3d 233, 2008-Ohio-3192, 893 N.E.2d 457, ¶ 2. The remedy set forth by the court in Knickerbocker is exactly what happened in the case at bar. The trial court reversed the initial valuation and ordered the BOR to provide proper notice to 2200 Carnegie and hold a new hearing to rule on the case. Any due-process concerns or issues of authority were thus remedied by the April 16 hearing. 2200 Carnegie’s first assignment of error should be overruled.
{¶ 24} 2200 Carnegie also argues that the court should have dismissed the proceedings following remand because the school district failed to certify a complete transcript of the record to the court in the second appeal to the court. 2200 Carnegie cites no authority for the proposition that the board’s filing of an incomplete transcript deprives the court of jurisdiction. I would therefore find that this argument also lacks merit.