[Cite as *2200 Carnegie, L.L.C. v. Cuyahoga Cty. Bd. of Revision,* 135 Ohio St.3d 284, 2012-Ohio-5691.]

2200 CARNEGIE, L.L.C., APPELLEE, *v*. CUYAHOGA COUNTY BOARD OF

REVISION ET AL., APPELLEES; CLEVELAND MUNICIPAL SCHOOL DISTRICT

BOARD OF EDUCATION, APPELLANT.

[Cite as *2200 Carnegie, L.L.C. v. Cuyahoga Cty. Bd. of Revision,*

135 Ohio St.3d 284, 2012-Ohio-5691.]

*Property valuation for tax purposes—R.C. 5715.19(B) notice of complaint on property valuation—Notification itself is jurisdictional, but 30-day requirement is not—Judgment reversed.*

(No. 2011-2147—Submitted August 22, 2012—Decided December 6, 2012.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 96646, 195 Ohio App.3d 713, 2011-Ohio-5397.

_____

**CUPP, J.**

**{¶ 1}** When a complaint has been filed that contests the county auditor's valuation of a particular parcel, and when that complaint asks for a value increase or reduction of $17,500 or more, R.C. 5715.19(B) requires that "[w]ithin thirty days after the last date such complaints may be filed, the auditor shall give notice of [the] complaint" to the other affected party that did not file the complaint—be it the property owner or the board of education. That notice affords the recipient the opportunity to file a countercomplaint and make itself a party to the proceedings. *Id.* This case presents the question whether that notification is a jurisdictional prerequisite to further proceedings before the board of revision and, if so, whether the 30-day deadline itself is jurisdictional.

**{¶ 2}** We hold that under R.C. 5715.19(B), the notification itself is jurisdictional, but the 30-day requirement is not. As a result, the original failure of the auditor in this case to give notice (or to prove that notice had been given)

was cured when notice was later given after remand by the court of common pleas. Because the Eighth District Court of Appeals held the contrary, we reverse its decision.

**Facts**

{¶ 3} On March 27, 2007, appellant, the Cleveland Municipal School District Board of Education ("school board") filed a valuation complaint seeking an increase in the value of the property of appellee 2200 Carnegie, L.L.C., for tax year 2006 on account of a recent arm's-length sale. The true-value increase sought by the school board was $97,800.

{¶ 4} The record shows a letter dated April 27, 2007, from the auditor to the property owner, informing 2200 Carnegie of the filing of the complaint. Pursuant to R.C. 5715.02, the auditor is a member of the Cleveland County Board of Revision, also an appellee. Although the face of the letter indicates certified mailing, the record does not contain the documentation of the mailing. 2200 Carnegie asserts that it never received the notification, the school board does not contend otherwise, and the tribunals below accepted as the premise for deciding the case that the notice required by R.C. 5715.19(B) had not been given.

{¶ 5} But 2200 Carnegie did receive notification of the hearing on the complaint pursuant to R.C. 5715.19(C) to be held on August 30, 2007. On that date, it filed a motion to dismiss. Attached to the motion was an affidavit attesting that the owner had not received any notification that the complaint had been filed. The motion argued that because the owner had not received notification of the filing of the complaint, R.C. 5715.19(B) had been violated, and, therefore, the board was forever without jurisdiction to proceed on the complaint. For those reasons, 2200 Carnegie urged that the case be dismissed.

{¶ 6} The board of revision nevertheless conducted the hearing and, implicitly overruling 2200 Carnegie's motion to dismiss, the board issued an order dated October 11, 2007, that increased the property's value to its recent sale

price. 2200 Carnegie appealed to the common pleas court from the board's decision, and on September 6, 2008, the common pleas court remanded with instruction that notification of the complaint be given to 2200 Carnegie under R.C. 5715.19(B) and that further proceedings be held. On remand, notification was issued, another hearing was held, and by order dated August 6, 2009, the board once again increased the property's value to the sale price.

{¶ 7} 2200 Carnegie again appealed to the common pleas court, which affirmed the board's increase of value on March 9, 2011. Next, 2200 Carnegie appealed to the Eighth District Court of Appeals.

{¶ 8} On October 20, 2011, the court of appeals issued its decision. *2200 Carnegie, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 195 Ohio App.3d 713, 2011-Ohio-5397, 961 N.E.2d 726. The majority of a divided panel agreed with 2200 Carnegie that the failure of the auditor to give notice within the 30-day time frame prescribed by the statute permanently barred jurisdiction to hear the complaint, and the defect, being jurisdictional, was not curable. *Id.* at ¶ 13. A dissenting opinion relied on *Knickerbocker Properties, Inc. XLII v. Delaware Cty. Bd. of Revision*, 119 Ohio St.3d 233, 2008-Ohio-3192, 893 N.E.2d 457, ¶ 13, in concluding that (1) compliance with R.C. 5715.19(B) is not jurisdictional and (2) a failure to notify may be cured by ordering that the requisite notice be given.

{¶ 9} We accepted the school board's discretionary appeal, *2200 Carnegie, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 131 Ohio St.3d 1483, 2012-Ohio-1143, 963 N.E.2d 824, and we now reverse the judgment of the court of appeals.

## Analysis

{¶ 10} This appeal calls upon the court to determine whether R.C. 5715.19(B)'s requirement of notification within 30 days of the last day for filing valuation complaints is a prerequisite to the exercise of jurisdiction by the board of revision. In the area of administrative procedure, jurisdictional issues that call

for construction of the statutes present questions of law that we review de novo on appeal. *Akron Centre Plaza, L.L.C. v. Summit Cty. Bd. of Revision*, 128 Ohio St.3d 145, 2010-Ohio-5035, 942 N.E.2d 1054, ¶ 10.

**I**

{¶ 11} An owner or a board of education that is dissatisfied with the value found by the auditor for a particular tax year may challenge that valuation before the board of revision by filing a complaint. The complaint must be filed pursuant to R.C. 5715.19(A) by March 31 of the "ensuing tax year" after the tax year at issue, and the filing of that complaint must be in accordance with the statutory requirements for the board of revision to exercise jurisdiction. *Compare Am. Restaurant & Lunch Co. v. Glander*, 147 Ohio St. 147, 151, 70 N.E.2d 93 (1946) ("It must be conceded that the filing of the required notice of appeal [from the tax commissioner's determination to the BTA] must be within the time prescribed by the statute* * *"); *accord Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 124 Ohio St.3d 27, 2009-Ohio-5932, 918 N.E.2d 972, ¶ 17 ("[W]e have consistently treated full compliance with R.C. 5715.19 as an indispensible prerequisite for the exercise of jurisdiction by a board of revision").

{¶ 12} Other divisions of R.C. 5715.19(A) set forth additional requirements that govern proceedings before the boards of revision. Most importantly for this case, as previously mentioned, R.C. 5715.19(B) requires the board of revision to notify certain property owners, like appellee, that a *complaint* has been filed. That notice is to be provided within 30 days of the last day for filing valuation complaints—i.e., the end of April of the year following the tax year at issue. See R.C. 5715.19(A)(1). Next, R.C. 5715.19(C) requires the board of revision to provide notice of the hearing to the complainant and to the owner (if different) no fewer than 10 days before the scheduled hearing.

{¶ 13} The parties recognize that our decision in *Knickerbocker*, 119 Ohio St.3d 233, 2008-Ohio-3192, 893 N.E.2d 457, is crucial to the proper resolution of

this case. *Knickerbocker* addresses both R.C. 5715.19(B), which provides for notification of the complaint, and 5715.19(C), which provides for notification of the hearing. The property owner had argued that the board of education's valuation complaint was jurisdictionally defective on two grounds. First, the owner claimed that the complaint was defective because it set forth the wrong address for the owner, and as a result, the board of revision had sent the complaint notification to the wrong address. Second, the owner contended that it had not been notified of the hearing under R.C. 5715.19(C), because that notification had also been sent to the wrong address.

{¶ 14} With respect to the notification of the filing of the complaint under R.C. 5715.19(B), we held that placing the proper address on the valuation complaint did not constitute a jurisdictional prerequisite because R.C. 5715.19(B) made it the auditor's duty to ascertain the property owner's address and send the complaint to the proper address. *Id*. at ¶ 10, 12, 14. Moreover, we noted that there was no actual default under R.C. 5715.19(B), because the notification had been forwarded by the recipient to the owner within the statutory time frame. The owner had had the time to file a countercomplaint and did in fact timely ask for a continuance of the hearing. *Id*. at ¶ 4, 16, fn. 2.

{¶ 15} As for the owner's argument that it had not been timely notified of the board of revision hearing, we held that the failure to notify of the hearing as required by R.C. 5715.19(C) *did* involve a jurisdictional defect. *Id*. at ¶ 18. The hearing had been held with no appearance by the owner, and the board of revision issued its decision, sending it first to the wrong address, then to the correct address. When the owner appealed to the BTA, that board rejected its jurisdictional argument and adopted the board of education's proposed valuation. On appeal, we reversed, holding that lack of notice of the board of revision hearing was a jurisdictional defect, but that it could be corrected on remand. *Id*. at ¶ 18, 24.

**{¶ 16}** Against this backdrop, 2200 Carnegie argues that R.C. 5715.19(B) is jurisdictional, *both* with regard to giving notification of the filing of the complaint *and* with regard to the 30-day timeframe for doing so. The school board argues that neither the notification nor the timing is jurisdictional. In the alternative, the school board argues that the time limit is not jurisdictional even if the notification requirement is.

## II

**{¶ 17}** R.C. 5715.19(B) provides that "within thirty days after the last date such complaints can be filed"—i.e., the end of April, since complaints for the preceding year's assessment must be filed no later than March 31 of the ensuing year, R.C. 5715.19(A)(1)—the auditor "shall give notice of each complaint in which the stated amount of overvaluation, discriminatory valuation, undervaluation, illegal valuation, or incorrect determination is at least seventeen thousand five hundred dollars." That notice must be given to the owner if the owner did not file the original complaint, and it must be given to each school board whose district "may be affected by the complaint." *Id.* The section next authorizes, "[w]ithin thirty days after receiving such notice," the filing of another complaint—a countercomplaint—disputing the original complaint; by filing that countercomplaint, the filer becomes a "complainant" and a "party" who is entitled to participation and to notice in the proceedings. R.C. 5715.19(C) requires that notice of the board of revision hearing be provided to the owner and to every complainant. R.C. 5715.20 mandates that the board of revision's decision be transmitted to the owner and to the complainant.

**{¶ 18}** On its face, then, the statute shows the purpose of the notification requirement: to run the time for filing a countercomplaint, the filing of which makes the countercomplainant a party to the case. Notice must be timely, so that the affected entity has a meaningful opportunity to file a countercomplaint.

**{¶ 19}** Under the most sweeping version of its argument, the school board contends that division (B)'s requirement is not jurisdictional because division (C) assures that notice will be given of the hearing at the board of revision regardless of whether an affected party has received notice of the filing of the complaint. The school board cites our disposition of the R.C. 5715.19(B) issue in *Knickerbocker* for the proposition that the notification of the filing of the complaint is not jurisdictionally essential.

**{¶ 20}** We disagree. In *Knickerbocker*, we found no jurisdictional defect under R.C. 5715.19(B) even though the notice was sent to the wrong address— but in that case, the address error had proved harmless, because the record showed that the mailing had been timely forwarded to the property owner. *Knickerbocker*, 119 Ohio St.3d 233, 2008-Ohio-3192, 893 N.E.2d 457, ¶ 4. *Knickerbocker* does not address a situation like this one, where the record lacks evidence of mailing and indicates that the mailing was never in fact received.

**{¶ 21}** Moreover, although R.C. 5715.19(C) does require that *an owner* receive notice of a board of revision hearing whether or not the owner has filed a complaint, the same is not true of a board of education. As a result, if an owner files a complaint seeking a decrease of more than $17,500 in value, the only way a board of education can be assured of notice of the hearing is to first receive notice of the complaint, so that it can file a countercomplaint and thereby become a party to the proceeding.

**{¶ 22}** Additionally, status as a complainant is essential for a board of education to be entitled to receive notice of the BOR's decision under R.C. 5715.20. And if an owner files an appeal at the BTA or in a common pleas court, status as a party before the board of revision is essential for a board of education to receive notice of the filing of that appeal as well. R.C. 5717.01 (appeal to the Board of Tax Appeals); 5717.05 (appeal to the court of common pleas).

{¶ 23} While most essential when the owner is the complainant, the notification under R.C. 5715.19(B) is also extremely useful when the board of education is the complainant. For even though a property owner is entitled to notice of hearings and decisions connected with its property regardless of whether it has filed a complaint, the property owner itself is better equipped to defend a valuation case if it receives early notice of the complaint and has the opportunity to file a countercomplaint.

{¶ 24} For all these reasons, we hold that the notification requirement of R.C. 5715.19(B) is jurisdictional because it "runs to the core of procedural efficiency" by furnishing the basic notice that is essential to the proper conduct of the administrative proceedings. *See Salem Med. Arts & Dev. Corp. v. Columbiana Cty. Bd. of Revision*, 80 Ohio St.3d 621, 623, 687 N.E.2d 746 (1998). Our decision accords with *Knickerbocker* in that we held that the failure to give proper hearing notice under R.C. 5715.19(C) required that the case be remanded for a "do-over" of the notification and the hearing. *Id.*, ¶ 24.

### III

{¶ 25} We now turn to the more modest, alternative argument advanced by the school board: that the notification itself is essential and jurisdictional, but that the 30-day requirement is not. With this assertion we agree.

{¶ 26} Our holding that the notification of the complaint under R.C. 5715.19(B) is jurisdictional does not mean that the prescribed time for performing the notification is also jurisdictional. Indeed, unlike the need for a party to perfect its appeal within a prescribed period, we have typically held that statutory time requirements imposed on administrative officials or agencies are "directory" rather than "mandatory." *See Hardy v. Delaware Cty. Bd. of Revision*, 106 Ohio St.3d 359, 2005-Ohio-5319, 835 N.E.2d 348, ¶ 22 ("Yet, ' "[a]s a general rule, a statute providing a time for performance of an official duty will be construed as directory so far as time for performance is concerned, especially where the statute

fixes the time simply for convenience of orderly procedure" ' "), quoting *State ex rel. Ragozine v. Shaker*, 96 Ohio St.3d 201, 2002-Ohio-3992, 772 N.E.2d 1192, ¶ 13, quoting *State ex rel. Jones v. Farrar*, 146 Ohio St. 467, 66 N.E.2d 531 (1946), paragraph three of the syllabus. The difference between a directory requirement and a mandatory one is that a violation of the directory requirement does not constitute a jurisdictional defect. *Hardy*, ¶ 22; *Ragozine*, ¶ 11-14 (failure to comply with a requirement that the trial court hold a hearing within 30 days of the filing of the complaint did not deprive the court of jurisdiction to act).

**{¶ 27}** In concluding that the board of revision lacked jurisdiction, the Eighth District Court of Appeals confused the concededly jurisdictional timeline for perfecting an appeal with the nonjurisdictional 30-day requirement of R.C. 5715.19(B). Determining whether a deadline is jurisdictional involves "a consideration of the entire act, its nature, its effect and the consequences which would result from construing it one way or another." *Jones* at 472. In this regard, conferring jurisdictional significance on the 30-day time limit would violate basic fairness, given that an administrative official is the one required to act. Unlike the requirement that an administrative proceeding be timely instituted, which is an act within the control of the instigating party, the timeliness of the auditor's action in the present case lies outside the control of either the owner or the school board.[1]

**{¶ 28}** It would be manifestly unjust to the complaining party (be that the school board, as in this case, or the owner) to deprive it of a hearing before the board of revision on account of a default by the auditor, whose actions and

---

1. It is true that the auditor and the board of revision may themselves ultimately become parties to the proceedings instituted through the filing of a valuation complaint under R.C. 5715.19. *See R.R.Z. Assoc. v. Cuyahoga Cty. Bd. of Revision*, 38 Ohio St.3d 198, 200-201, 527 N.E.2d 874 (1988) (board of revision and auditor may present evidence and advance arguments as parties at the Board of Tax Appeals); R.C. 5717.01 (auditor may appeal a board of revision determination to the BTA). But for purposes of his duties pursuant to R.C. 5715.19(B), the auditor functions primarily as the tax assessor and as the secretary of the board of revision, which is the agency that adjudicates the valuation complaint. R.C. 5715.01(B) (county auditor is the real property tax assessor); 5715.09 (auditor is secretary of the board of revision).

omissions the complainant does not control. While we do not condone any departure from the duties imposed by R.C. 5715.19(B), we decline to "find or enforce jurisdictional barriers not clearly statutorily or constitutionally mandated, which tend to deprive a supplicant of a fair review of his complaint on the merits." *Nucorp, Inc. v. Montgomery Cty. Bd. of Revision*, 64 Ohio St.2d 20, 22, 412 N.E.2d 947 (1980).

## Conclusion

{¶ 29} For the foregoing reasons, we hold that the court of appeals erred when it ordered that the school board's complaint should have been dismissed. We therefore reverse the judgment of the court of appeals and thereby reinstate the judgment of the common pleas court.

Judgment reversed.

PFEIFER, LUNDBERG STRATTON, O'DONNELL, and MCGEE BROWN, JJ., concur.

O'CONNOR, C.J., and LANZINGER, J., dissent.

_____

**LANZINGER, J., dissenting.**

{¶ 30} Pursuant to the plain language of R.C. 5715.19(B), the auditor must notify the property owner and the board of education of a tax-assessment complaint filed under R.C. 5715.19(A)(1). Because the auditor failed to notify 2200 Carnegie, L.L.C., within 30 days of the last date that complaints could be filed, the board of revision was without jurisdiction to consider the complaint. I would affirm the judgment consistent with the reasoning of the court of appeals. I dissent.

O'CONNOR, C.J., concurs in the foregoing opinion.

_____

Zukerman, Daiker & Lear Co., L.P.A., S. Michael Lear, and Larry W. Zukerman, for appellee 2200 Carnegie, L.L.C.

Hewitt Law, L.L.C., and James H. Hewitt III, for appellant.

Michael DeWine, Attorney General, Alexandra T. Schimmer, Solicitor General, Michael J. Hendershot, Chief Deputy Solicitor, and Daniel W. Fausey, Assistant Attorney General, urging reversal for amicus curiae, state of Ohio.

_____